Ayrault agt. Sackett.

---

# SUPREME COURT

ALLEN AYRAULT, respondent, agt. WILLIAM H. SACKETT, impleaded with ELISHA B. SACKETT, appellant.

Until a referee has *signed his report*, and the same is in readiness for delivery, the case is under his control, and he may reconsider his decision and change it, or may withhold his report for the purpose of receiving further evidence. *Signing the report*, together with *notice of the fact to the party entitled to it*, are the acts which preclude his opening the case for further evidence or consideration, and close his judicial authority therein.

Where the trial had been regularly gone through with, the parties had been fully heard by their counsel, the referee had taken the case and held it under con-

sideration as long as he desired—had deliberately come to a conclusion—written an opinion, and *announced his decision to the parties,* but had not drawn up and signed a formal report thereon, *Held,* that the referee had not lost authority and control over the case.

This large discretion allowed to a referee should be exercised with great circumspection. In case of its abuse, the court has the full power to apply the corrective, by setting aside the report when made. (*This decision affirms that at special term, ante, p.* 461.)

*Monroe General Term, Dec.,* 1858.

WELLES, SMITH *and* JOHNSON, *Justices.*

APPEAL from order at special term denying motion to compel the referee to report, &c.

JAS. WOOD, JR., *for appellant.*
SCOTT LORD, *for respondent.*

By the court—WELLES, Justice. None of the cases referred to by either of the counsel, or by the justice at special term, reach the present case, which is one where everything had been done, by all concerned in or connected with the case, which could properly be done, except the act of drawing up and signing the report by the referee. The trial had been regularly gone through with, the parties had been fully heard by their counsel, the referee had taken the case and held it under consideration as long as he desired to hold it, had deliberately come to a conclusion, written an opinion and announced his decision to the parties. All that remained to be done by any one, so far as the power or duty of the referee was concerned, was to have a formal report drawn up in accordance with such decision, and that the same be subscribed by the referee.

The material distinction between the cases referred to and the present is, that in neither of the former had the referee decided the cause, and in each of them the whole case was in his hands and under his control, and in this the referee had fully decided the cause, and announced his decision to the parties. In neither of them, nor in the present case, had the referee made a report in writing of his decision. The ques-

Ayrault agt. Sackett.

tion, I think, is, whether announcing his decision to the parties puts an end to the power of the referee, without putting his decision into a legal form by a written report. Upon this precise question, I believe, we are without authority. If deciding the cause and announcing to the parties his decision exhaust his judicial power over the case, he can do nothing more than to make and sign his report, and deliver it to the party entitled to it on his fees being paid.

Upon the whole, I feel constrained to the conclusion that, until the referee has signed his report, and the same is in readiness for delivery, the case is under the control of the referee, and he may reconsider his decision and change it, or may withhold his report for the purpose of receiving further evidence. Until he signs the report, it cannot be said that he has decided the case in a legal sense. Signing the report, together with notice of the fact to the party entitled to it, are the definitive acts which close his judicial authority in the case—or, rather, they are the acts which preclude his opening the case for further evidence or consideration. If anything short of these is to have that effect, there is no way of drawing a boundary line for the exercise of his discretion or judicial power.

A referee may hear the evidence and argument of counsel, and make up his mind, upon mature deliberation, upon the questions referred, and may, nevertheless, upon further examination, discover that he was in an error. In such a case, I think, there can be no doubt of his power to change his mind and report accordingly. Or, if, for any reason, he supposes either party is able to supply a defect in the evidence so as to change the result, he may, without any change of mind on his part, give the party an opportunity of supplying such defect, and I cannot believe that the fact of disclosing to the parties the state of his deliberations, without manifesting the same in the only way which the law contemplates, should have the effect to preclude him from any reconsideration, upon sufficient grounds appearing therefor.

The controling circumstance is, that the case remains in his

hands until the report is made and signed, and the parties, or the one entitled to th e report is duly notified of it. When that is done, it is equivalent, for the purpose of this question, to an actual delivery of the report—until then, the referee may change his opinion, or open the case for further evidence or argument, as his convictions of propriety may dictate.

I am aware that this is allowing the referee a large discretion, which should be exercised with great circumspection, but, nevertheless, I think the discretion exists. In case of its abuse, the court has the full power to apply the corrective, by setting aside the report when made.

For the foregoing reasons, I am of the opinion that the order appealed from should be affirmed.

Ordered accordingly.