# NEW YORK SUPERIOR COURT.

## ELBERT HOOGLAND and others agt. JOHN WIGHT.

A *report of a referee*, like the verdict of a jury, is, as a general rule, conclusive in a case of *conflict of evidence*, and only to be set aside when the finding is clearly against the weight of evidence, or where upon the trial, some rule of evidence or principle of law has been violated.

*New York General Term, November*, 1860.

*Present*, WOODRUFF, MONCRIEF, and ROBERTSON, Justices.

THIS is an appeal from the judgment entered upon the report of F. F. Marbury, Esq., the referee, in favor of the plaintiff.

The action was brought by the general assignees of Messrs. Lane, West & Co., to recover from the defendant moneys paid by that firm, as ships' husband in the year 1855 and 1856, to insure defendant's interests in the schooners Emeline and Kate Stewart.

The defendant sets up that he did not authorize the effecting of the insurance, and denies that the plaintiffs' assignees expended the moneys claimed.

WM. E. CURTIS, *for plaintiffs*.

By the court, MONCRIEF, Justice. It is well settled that one part owner, though he be also managing owner, (ship's husband,) cannot, by ordering an insurance of a ship, without authority from another, charge the other with any part of the premium, unless the other afterwards assent, to the insurance. (*Abbott on Shipping*, 107, 137; *French* agt. *Backhouse*, 5 *Burr*. 2727, 5th *Am*. *Ed.*; *Bell* agt. *Humphries*, 2 *Starkie*, 345; 2 *Duer on Ins.*, 200.)

The referee found that the defendant did authorize insurance to be made upon the vessels by Lane, West & Co.

A report of a referee, like the verdict of a jury, is, as a

general rule, conclusive in a case of conflict of evidence, (1 *E. D. Smith R.*, 85; 3 *id.*, 98; 4 *id.*, 365; 3 *Cow.'s R.*, 168.) It is, therefore, like such verdict, only to be set aside when the finding is clearly against the weight of evidence, or where upon the trial some rules of evidence or principle of law has been violated. (1 *E. D. Smith R.*, 85; 5 *Duer R.*, 216.)

The evidence adduced on the part of the plaintiffs warranted the finding of the referee. The witness Lane states expressly that the defendant requested him to insure his interest in the schooners, and that insurances were effected in accordance with such request. The witness West says that the defendant asked him if the schooners were insured. The interests of the defendant were insured by Lane, West & Co.; and again, during the time Mr. Johnson was owner of the defendant's interest in the schooner, (the defendant bought of him,) the firm of Lane, West & Co., as ships' husbands, were in the habit of insuring the interests of Johnson, and this fact the defendant knew; the defendant at the time of purchase agreed to pay the premium of insurance due from Johnson. In the bill rendered to defendant by Lane, West & Co., under date November 6, 1854, (marked exhibit No. 9,) there is a charge for insurance of schooner Kate for one year.

This evidence is assailed and contradicted by the defendant alone.

Neither of the exceptions are well taken; the testimony offered was properly excluded.

The decision and judgment therefore were correct, and must be affirmed.