Monell, J.
The first order of reference was, I think, irregular. The defendant had appeared and answered, denying her previous marriage. Such issue could he referred with the consent of the parties-; but it should have been a reference to hear and determine the issues, and not to take the proofs and report them to the court. The latter species of reference is only proper when there is a default in answering. (Rule 86.) Such irregularity would necessarily render the judgment irregular. But the irregularity may be waived by the appearance of the defendant before the referee without objecting. (Renouil v. Harris, 2 Sandf. S. C. R. 641.)
The second reference was to determine a disputed fact upon a motion, and was therefore proper and regular. (Code, § 271, sub. 3.) It was erroneous to permit the defendant to testify in her own behalf. She was objected to as incompetent, and under the decisions of this court she could not be examined. The referee appears to have regarded the judgment as restoring her competency. I do' not think it had such effect. The examination of witnesses *528 before a referee was for the purpose of ascertaining whether such judgment was valid, or should be vacated; and its functions as a judgment were, therefore, suspended. But as the examination of the defendant does not appear to relate to any material subject investigated by the referee, he having excluded all of her evidence relative to the previous marriage of Bead, the error of admitting her as a witness furnishes no sufficient ground for refusing to confirm his report. It was equally erroneous to admit the plaintiff to be examined on his own behalf. His testimony was material upon the question of the identity of Bead. But as the defendant has hot excepted, the objection cannot now be taken.
I have examined the testimony taken by the referee, and the only doubt there can be is as to the identity of William H. Bead. The proof of the marriage of a William H. Bead with one Sarah Wakefield is conclusive. On the question of identity the evidence is conflicting. But there is no such preponderance against the conclusion of the referee as would authorize the court to withhold its confirmation of his report. It is only when the decision of a referee is unsupported by evidence, or is palpably against the weight of evidence, that it will be disturbed. (Hoogland v. Wight, 7 Bosw. 394. Woodruff v. McGrath, 32 N. Y. Rep. 255.)
A further objection by the plaintiff to the confirmation of the referee’s report was, that until a judgment of a court of competent jurisdiction, annulling and declaring void her previous marriage with Bead, the defendant was not capable of contracting a legal marriage with the plaintiff. The distinction between void and voidable marriages is clear. If the facts exist which render a marriage null ah initio, no decree dissolving the contract is necessary. (1 Bishop on Divorce, § 277.) Although for the quiet and relief of the parties, and the good order of society, such a decree is proper. (Wightman v. Wightman, 4 John. Ch. 343.) And *529 it has therefore been made a ground of divorce by statute. (2 R. S, 142, § 20, sub. 2.)
Ho error having been committed by the referee, which can affect the conclusions to which he has arrived upon the evidence before him, his report must be confirmed, and the defendant let in to defend the action; for which purpose the first order of reference will be vacated and the cause restored to the calendar for trial, with liberty to either party to apply to the court to frame such issues, to be tried by a jury, as may be proper.
It having been represented to me that shortly after the judgment of divorce the plaintiff was again married, I shall, for the protection of-the rights of the second wife, who may have married the plaintiff in ignorance of such divorce, allow the judgment to stand, until the trial of the issues is had; when, if it shall appear that the defendant was under no disability when she contracted marriage with the plaintiff, the said judgment must be vacated and set aside; otherwise to remain in full force and effect.
So much of the motion as asks that the plaintiff be ordered to pay the referee’s fees and counsel fees, must be denied; without prejudice, however, to a renewal of such motion upon affidavits of the plaintiff’s ability to pay the same, and that no allowance for alimony or counsel fees has heretofore been made, or, if made, that the same are inadequate.
The order on this decision to be settled on five days’ notice to the plaintiff’s attorney.