## N. Y. SUPERIOR COURT.

WASHINGTON RITTER, respondent agt. JAMES S. CUSHMAN and REGIS C. GIGNOUX, appellants.

In the absence of any agreement that a *stock broker* may sell without notice, when stocks fall in price so that the margin does not cover the difference between current rates and the price paid, it would be a breach of good faith and common honesty to allow the owner's property to be sacrificed, without giving him an opportunity to increase his margin and hold the stock for a favorable change in the market.

The findings of a judge, who hears the trial of a cause, upon questions of fact, are conclusive, under the same rule that the findings of a jury or a referee are conclusive upon that question.

*General Term, January,* 1867.

THE defendants appeal from a judgment entered upon findings made by the chief justice of this court, of law and fact, after hearing the case without a jury; to which findings and each of them the defendants except.

A. J. PERRY, *for appellants.*

ALBERT MATTHEWS, *for respondent.*

*By the court,* GARVIN, J. The principal objections, as presented upon the argument, and as I understand now to be insisted upon, are questions of fact. .

The defendants insist: (1.) That the plaintiffs failed to prove that the defendants agreed to hold and carry the stock for the conversion of which this action is brought. (2.) That there is no proof of want of authority to sell the stocks, but, on the contrary, the defendants claim there was evidence of authority to sell. The stocks so alleged to have been converted by the defendants were two hundred shares of the New York and Erie Railway Company and one hundred shares of the Michigan Southern and Northern Indiana.

The chief justice found in substance as follows: (1.) That the defendants made agreements with the plaintiff and his son respecting the purchase and sale of stock and securities on account of the plaintiff. (2.) That in pursuance of such agreements, the defendants purchased and held two hundred shares of Erie for plaintiff, and that the remaining one hundred shares of Michigan Southern and Northern Indiana were transferred to the account of the plaintiff, and thereafter held by defendants for them. (3.) That the defendants sold the whole three hundred shares without authority from or notice to the plaintiff, or any default on his part.

Upon the question of an agreement to carry the stock for the plaintiff, both parties say there was an agreement so to do; but no length of time is proved. This cannot be necessary, there being no notice to the plaintiff that the margin was too small, or that defendants felt insecure. Clearly, before any sale of the plaintiff's stock was made, he should have had notice of defendants' intention to sell. Doubtless, parties may agree that the broker may sell without notice, when stocks fall in price so that the margin does not cover the difference between current rates and the price paid. But, in the absence of any such agreement, it would be a breach of good faith and common honesty to allow the plaintiff's property to be sacrificed, without giving him an opportunity

to increase his margin and hold the stock for a favorable change in the market. I know it is said that fluctuations in the stock market are so sudden and unexpected that there is not time to give notice; but these abrupt transitions in the value of stocks are and have been well known for many years, and should be provided for by brokers and those with whom they deal. If no such provision is made, parties must abide by the rules of law. We think the findings of fact are sustained by the evidence. Much of the evidence is conflicting; especially upon the question of the unauthorized sale of the stock. This question of fact was passed upon by the judge who tried the case, and found for the plaintiff. His decision is conclusive—as much so as if found by the verdict of a jury. The rule stated by Judge SANDFORD is, "where there is testimony on either side sufficient to warrant a verdict, if standing alone, we are not at liberty to overturn the verdict for the reason that there was counter-testimony on the other side, even if it be apparently equal in point of weight." There must be a preponderance against the finding so great as to show a case of mistake, passion or prejudice. (1 *Sandf.* 262.)

Again, the report of a referee, like the verdict of a jury, in a case of conflicting evidence, is conclusive as to questions of fact. (*Hoagland and others* agt. *Wight,* 7 *Bosw.* 394; *Davis* agt. *Allen and others,* 3 *Comst.* 168.) I see no reason why the same rule should not be applied to the findings of a judge who takes the testimony, sees and hears the witnesses, and is quite as well able as a jury or referee to come to a correct conclusion upon the facts. There is no question made upon the rule of damages adopted by the court.

It is, therefore, plain the stocks belonged to the plaintiff, and were sold without authority; that the defendants converted them, and are liable for the damages.

The judgment should be affirmed, with costs.