## SUPREME COURT.

JOHN QUACKENBUSH and HENRY QUACKENBUSH agt. DAVID JOHNSON.

*Referee — Report to be filed within sixty days after submission — what is a sufficient compliance with section 1019 of Code of Civil Procedure.*

The submission to the referee was December 26, 1877. On February 22, 1878, the referee prepared, finished and signed his report, and on the twenty-third notified the attorney for the defendant that he had made his report for defendant and had left the same on his (the referee's) table for the defendant's attorney, and at the same time he stated to defendant's attorney the amount of his fees. On the twenty-third or twenty-fifth of February the defendant's attorney informed the plaintiffs' attorney that the referee had made his report for defendant and that the referee was about to prepare an opinion which he would serve with a copy of the report:

*Held,* that the facts shown in the case and the notification made by the referee to defendant's attorney was, in substance and effect, *a delivery* of the report to the attorney within the provisions of section 1019 of the Code of Civil Procedure.

*Oneida Special Term, April,* 1878.

*Link & McEvoy,* plaintiffs' attorneys.

*H. Clay Hall,* defendant's attorney.

NOXON, *J.* — The motion in this case is made by plaintiffs' attorneys to set aside the report of the referee on file in Herkimer county, the costs adjusted by the clerk, the judgment entered upon the report and all subsequent proceedings by defendant as irregular, null and void, upon the ground that the referee had not filed his report with the clerk, and had not delivered the report to either of the attorneys within sixty days from the time when the cause was finally submitted to the referee, and on the ground that before the report was

Quackenbush agt. Johnson.

filed or delivered the plaintiffs' attorneys served notice upon defendant's attorney that they elected to end the reference, and on the ground that neither report or judgment was against the plaintiff Henry Quackenbush but against John Quackenbush alone.

The important question in the case as disclosed by the affidavits arises upon the language and construction of section 1019 of the Code of Civil Procedure. By this section it is provided that the written report of a referee "must be either filed with the clerk or delivered to the attorney for one of the parties within sixty days from the time when the cause is finally submitted." From the facts disclosed by the affidavits it clearly appears that the report was not *filed* with the clerk within sixty days. The only question left for construction is, was the report of the referee delivered to the defendant's attorney within sixty days from the time the cause was finally submitted to him? The submission to the referee was December 26, 1877. On February 22, 1878, the referee prepared, finished and signed his report, and on the twenty-third notified the attorney for the defendant that he had made his report for defendant and that he had left the same on his (the referee's) table for the defendant's attorney, and at the same time he told the defendant's attorney that if the parties desired an opinion in the case he would write one, and at the same time he stated to defendant's attorney the amount of his fees. The report of the referee, as filed in the clerk's office on February 28, 1878, is stated by the referee in his affidavit to be, in all respects, complete as made and signed by him. The defendant's attorney in his affidavit states that on the twenty-third or twenty-fifth of February he informed Mr. McEvoy, one of plaintiffs' attorneys that the referee had made his report for defendant and that the referee was about to prepare an opinion which he would serve with a copy of the report, and which statement is not denied by Mr. McEvoy. The statute does not require the referee to file his report. The same is to be delivered to the attorney, and if delivered the reference can-

not be ended in the manner prescribed in the section. The object and aim of section 1019 was to enable the parties to an action to compel a speedy decision in case of reference. Without some such provision parties in actions pending in courts with crowded calendars were inclined to be averse to references, but with a provision calculated to enforce promptness upon the referee the objection of litigants is, in great part, overcome. In this case the referee has fully discharged his duty within the time fixed by statute. He has examined the case, reached his conclusion, made and signed his report and notified the party entitled to it and informed him of his fees. This ended his duty as referee. He had no power thereafter to amend or alter his report. He was entitled to his fees; and the rule has, in some cases, been laid down that he is entitled to retain the report until his fees are paid. The facts shown in the case and the notification made by the referee to defendant's attorney was, in substance and effect, *a delivery* of the report to the attorney and should be sustained as such by the courts. Three days before notice was served by plaintiffs' attorneys to end the reference they were notified that the referee had made his report, and the notice given by them was hardly in good faith, upon and under a just and liberal construction of the statute, to expedite such cases instead of continuing them in the courts after a decision had been made and from which the plaintiff's right of appeal was perfect. The ground is also taken that the report and judgment is against John Quackenbush alone. This ground is one which is not available to plaintiff. On the trial the plaintiff moved to amend by striking out the name of Henry Quackenbush from the complaint as a party plaintiff. The leave was granted and thereafter the cause proceeded in the name of John Quackenbush, and he was the only party plaintiff at the time of the submission and there was no irregularity in the report or judgment in that respect.

The motion should be denied, with ten dollars costs to be paid by the plaintiff John Quackenbush to the defendant.