# PRACTICE REPORTS.

ROBERT F. LITTLE, as receiver, &c. agt., THERESA LYNCH..

*Code of Civil Procedure, section 1019 — Right to terminate reference — Referee must file his report with clerk, or actually deliver to a party within sixty days.*

A referee, under section 1019 of the Code of Civil Procedure, will not have done his duty unless he delivers his report to the clerk to be filed in case it is not taken up by one of the attorneys within sixty days..

Notification to the plaintiff's or defendant's attorneys by the referee that his report is ready and at their disposal, on payment of his fees (naming the amount), is not to be deemed a sufficient delivery to prevent the forfeiture of his fees or the termination of the reference under this section of the Code.

(See *Thornton* agt. *Thornton*, 66 *How.*, 119, where the same cases are cited and a different conclusion reached by HAIGHT, J.)

*Special Term, May*, 1884.

*William T. B. Milliken*, for plaintiff.

*Abram Kling*, for defendants.

LAWRENCE, J. — By the order in this case the defendant is directed to show cause why the referee's report, filed herein on or about the 5th day of March, 1884, should not be taken from the files and the judgment entered thereon should not be vacated, set aside, canceled, &c., for the reason that the same was filed and entered irregularly, in that the reference herein had been terminated before the delivery or filing of said report and the entry of said judgment by the notice of termination, served by the plaintiff, and why the judgment for costs should not be set aside for the additional reason that costs had been remitted and waived by the defendant, and why such other and further relief should not be granted as may be just. By the affidavit of the plaintiff's attorney it is

alleged that said attorney was informed by the referee that the papers purporting to be his report herein were not delivered until after the 1st of February, 1884, and that no fees were paid to him as referee until long after the 28th of June, 1882, at which time he was notified that the reference had terminated by the election of the plaintiff, &c., and that said referee had never at any time filed said report, and that only a portion of said fees have ever yet been paid. That by the judgment-roll herein it appears that the report of said referee was not completed until the 6th of February, 1884, at which time it bears date. Among the plaintiff's motion papers is also a stipulation on the part of the defendant that in case judgment shall be rendered in her favor, either at the trial or on appeal to the general term or court of appeals, the defendant waives all right to any costs or allowances in this action as against the plaintiff, either personally or as receiver or against any other person whomsoever, and the defendant thereby agrees that any and all judgments rendered herein in her favor shall be entered without costs. This stipulation bears date November 18, 1880, *and is signed by the attorney for the defendant.* By the affidavit of the plaintiff it appears that the order of reference was made on the consent of both parties, and was entered on the 5th of April, 1881, and that the case was finally submitted to the referee on the 26th day of April, 1882. It is also alleged that the report of the referee was neither filed or delivered to either of the parties or their attorneys in said action, nor were any fees paid to said referee within sixty days after said final submission, nor until after the 28th day of June, 1882, on which day, and after the expiration of said sixty days due notice of the election of the plaintiff to end such reference was duly served upon the attorney of the defendant. By the affidavit of the referee, read on the part of the defendant, it appears that he decided this action in May, 1882, and made his final report therein, and offered to deliver it to defendant's attorney, and told him he could have the same on the payment of the

legal fees ; that this was done within the sixty days from the time of making the said report, and that the said fees were not paid. The defendant swears in her affidavit that she paid to her former attorney all fees which he claimed for services, and which he required for taking up the referee's report, which fees the said attorney stated were about $250 ; that this was at or about the time when the case was decided. She also alleges that she never at any time authorized her attorney to sign the stipulation which forms a part of the plaintiff's motion papers, or to waive any costs or disbursements in this action, and that she never knew that a stipulation to that effect had been given until the month of February, 1884. It also appears by the affidavit of the present attorney for the defendant, that in February, 1884, he made a motion to vacate two orders restoring this cause to the general calendar of the court, on the ground that the action had been terminated by the report of the referee, and that the court so held, as appears by the order made on the 21st of February, 1884.

In the case of *Waters* agt. *Shepard* (14 *Hun*, 223), the general term of the second department distinctly held that where the referee had made his report within sixty days after the final submission, and had notified the parties of its terms. and that it could be obtained on application from him, the defeated party could not thereafter elect to end the reference,. although the report was left in the hands of the referee. But the same general term, in the case of *Phipps* agt. *Carman* (23 *Hun*, 150), decided that the binding force of *Waters* agt. *Shepard* had been destroyed by the Code, as altered since that decision was made, and it was held that the referee, under section 1019 of the Code of Civil Procedure as changed, and as it now stands, *will not now have done his duty unless he delivers his report to the clerk to be filed in case it is not taken up by one of the attorneys within sixty days.*

The case of *Waters* agt. *Shepard* appears to have been decided under the 273d section of the old Code, for which section 1019 of the present Code is substituted, and the later

decision of the general term of the second department seems
to be in accordance with the existing provisions of the Code.
I regret, therefore, to be compelled to come to the conclusion
that this motion, so far as it rests upon the first ground, should
be granted. The law, as thus declared, leaves a referee in an
exceedingly defenceless position, but that is a matter which
must be left for the consideration of the legislature, and I
cannot, on account of the apparent hardship of the case,
assume to disregard the strict letter of the law. I do not
regard the order of the 21st of February, 1884, which vacated
certain orders restoring this cause to the calendar of the court,
as estopping the plaintiff from raising the question now under
consideration.

The remarks of RAPALLO, J., in he case of *Geib* agt.
*Topping* (83. *N. Y.*, 46, 48) were *obiter*, and it is distinctly
stated by the learned judge that the question as to what
should be deemed a sufficient delivery of a report to prevent
the forfeiture of fees, declared by section 1019 of the Code
of Civil Procedure, need not be definitely decided. The
order then under review was reversed for want of power in
the special term to make the original order. Furthermore, in
the 84th volume of the New York Reports (*page* 650), the
case of *Phipps* agt. *Carman* was affirmed, and the latter case
must, therefore, be deemed to contain the latest opinion of
the court of appeals upon this subject. The case of *Quacken-*
*bush* agt. *Johnson* (55 *How. Pr.*, 94), which is relied upon by
the learned counsel for the defendants, was decided at a
special term by justice NOXON in 1878, and is in conflict with
the views expressed by the general term of the second depart-
ment in *Phipp* agt. *Carman*, and, therefore, cannot be fol-
lowed by me. It is unnecessary, in the view in which I have
taken of this case, to consider the question whether the
defendant's attorney was authorized to give the stipulation
referred to, and made a part of the moving papers.

The motion to vacate and set aside the judgment must,
therefore, be granted, but without costs.