Loonam v. Myers.

---

PETER T. LOONAM, Appellant, *against* LEWIS MYERS, Respondent.

(Decided June 7th, 1886).

At the trial of an action before a referee, plaintiff made no request to the referee to make any findings of fact, and only excepted to a portion of the findings. *Held*, that upon appeal, the court could only look into the evidence so far as to determine whether or not it was sufficient to sustain the findings of fact excepted to, and that such findings were not clearly against the weight of evidence; and in reviewing such findings upon conflicting evidence, the court should not set them aside merely because the testimony of the witnesses sustaining them is marked by inaccuracies or even inconsistencies, while the testimony to the contrary appears, on paper, to be more straightforward ; the referee having had all the witnesses before him in person.

It is within the discretion of a referee, upon the trial of an action, to refuse, after defendant has rested, and the case is nearly closed, to allow plaintiff to recall a witness who has been twice on the stand and fully examined and cross-examined; or to refuse, after the close of the whole case, and after adjournments for the purpose of summing up, to reopen the whole case, and permit plaintiff to call other witnesses.

APPEAL from a judgment of this court entered upon the report of a referee.

The action was brought to foreclose a mechanics' lien for work, labor and materials. The lien was filed July 19th,

1884, for the sum of $7,017.98, a balance claimed to be due plaintiff for the reconstruction of certain premises in West 35th Street.

Plaintiff claimed on a *quantum meruit*.

Defendant claimed that the work was done under an agreement "to alter and repair the lower portion of the building described in the complaint, for a sum not to exceed $850," in accordance with plans and specifications furnished by the architect Jardine. That the work was not done in conformity with the plan; was left so incomplete as to be of little value; and that, before discovering the manner in which the work was done, he had paid the full contract price therefor.

The referee found for defendant and ordered judgment for the dismissal of the complaint upon the merits. Judgment for defendant was entered upon the report of the referee. From the judgment plaintiff appealed.

*Kelly & MacRae*, for appellant.

*Horwitz & Hershfield*, for respondent.

BOOKSTAVER, J.—[After stating the facts as above.]—Plaintiff made no request to the referee to make any findings of fact, and only excepted to the following portion of the referee's findings of fact:

"5th. That the plaintiff undertook and agreed to perform the work and labor, and furnish the materials for the alteration and repair of said building according to a plan thereof, called the Jardine plan, for $850, or less; provided he should use certain old lumber, then on the premises; which old lumber he did use in making said alterations and repairs.

"6th. . . . It does not appear what would have been the value of that (the work) omitted, or what was the value of that performed, not required by said plans; nor were such deviations sufficient to indicate an abrogation of the agreement.

"7th. That the plaintiff has been paid for said work, labor and materials, by the defendant, the sum of $850, and in full thereof, according to the agreement between the parties; and there is nothing due therefor from the defendant to the plaintiff."

If the plaintiff had desired a review of the facts in this appeal, he should have made requests to the referee to find such facts, and excepted thereto on his refusal so to do (Code Civ. Pro. § 1023; *Hogan* v. *Laimbeer*, 66 N. Y. 604; *Auburn City Bank* v. *Hunsiker*, 72 N. Y. 252; *Simmons* v. *Richardson*, 5 Hun 177; *Smith* v. *Glen's Falls Ins. Co.*, 62 N. Y. 85; *Rogers* v. *Wheeler*, 52 N. Y. 262).

We can therefore only look into the evidence, so far as to determine whether or not there was sufficient evidence to sustain the findings of fact excepted to by the plaintiff, and that such findings are not clearly against the weight of evidence (*Sinclair* v. *Tallmadge*, 35 Barb. 602; *Russell* v. *Burton*, 66 Barb. 539; *Hoagland* v. *Wright*, 20 How. Pr. 70; *Scattergood* v. *Wood*, 14 Hun 269).

The testimony of the defendant, in support of the first finding of fact excepted to, is, that the plaintiff's brother, Bernard, came to defendant's place to get the job; that he told plaintiff he had showed the job to two different carpenters, before him, and if he would make the price less than they did, he would give it to him. Bernard said he would not give the price unless he had first seen the place. During that interview defendant showed him the estimate made by O'Toole, who agreed to do the work for $850; that Bernard read it; that they then went together to the architect's to look at the plan, and afterwards to the premises, to look at the work to be done. After this, Bernard Loonam said: "I will go back and step into Jardine's again, and I will take the paper with me to my place. . . . . Leave it with me over night, and in the evening I will carefully examine it, and figure how much I will charge you."

The next morning the plaintiff's brother came to defendant's place, and after some conversation it was finally agreed that plaintiff should do the work according to the Jardine

plan, for $850, provided he should be allowed to work in some of the old lumber.

The defendant is corroborated in his testimony by his wife and daughter, both of whom testified to being present at a part of the conversations detailed by defendant; while this is denied by the plaintiff's brother, who claims that he drew the plans himself, and that he would not give any figures for the work.

His own testimony clearly shows that the matter of the cost of the work was discussed between the parties, and a great deal was said about its probable cost.

The testimony of Bernard Loonam is sought to be corroborated by his mother, who testified that defendant came to her house, and told her to tell her son to go ahead with the work ; and that she told him that her son gave no estimate of the work ; to which defendant replied that he did not want him to.

Plaintiff also relies upon the fact that he actually expended for the work, as he claims, the sum of $1,867.08; and the testimony of John H. Carl, who made a rough estimate, and thought it would cost from $2,000 to $2,500 to do the work; and also that of O. N. McGlochlin, who made a rough estimation, and thought is was worth $2,000.

While, on behalf of defendant, Abraham R. Hopkins and Alexander Moor, both practical carpenters, who measured the work and calculated the cost thereof, united in the opinion that the whole cost of the work, materials, &c., with 10 per cent. for supervision, would be about $762.

We do not think there is such a preponderance of evidence in favor of the plaintiff as would lead us to set aside the referee's finding upon this question of fact.

In respect to the second finding of fact excepted to, it does not appear from the evidence that the plaintiff claimed or contended on the trial that the contract between the parties, if any had been entered into, had been abandoned.

On the other hand, throughout the trial, he contended that no contract had been made between the parties, but that the work was done on a *quantum meruit*.

The referee was not requested by the plaintiff to make any finding on the subject.

From the testimony it appears that the Jardine plan was handed to Loonam by the defendant, and he was ordered to do the work according to it; and that no modification of it was authorized by the defendant; nor was he ever told it was being changed.

The evidence also seems to show that the work was done substantially according to the Jardine plan.

Bernard Loonam being asked to compare the two plans, and point out the differences between the Jardine plan and his own, pointed out only three differences. Two were omissions of work called for by the Jardine plan, and the other merely a change in the location of the manure box.

He also testified that the Jardine plan called for a new front, which was not put in, and that, by the Jardine plan, there was to be a hall way in the cellar, which was omitted.

J. M. Van Orden drew the Jardine plan, and after comparing the two plans, testified: "I should call one a rough copy exactly of the other."

He also testified that he had examined the work to see wherein it differed from his plan; that the original, or Jardine plan, called for a number of alterations and improvements on the building which were entirely omitted. That the stalls were smaller than called for by the Jardine plan.

The testimony in regard to these alterations is conflicting, and we think the evidence quite sufficient to sustain the referee's finding.

In regard to the last finding excepted to, it is admitted by plaintiff that he has received for the work $850, and if the referee was right in regard to the two findings before noticed, the last follows as a matter of course.

In the review of the case we have not overlooked the fact that, according to plaintiff's claim, the actual cost of the work, &c., was nearly double the amount of the contract price; nor the testimony regarding what the learned counsel for the plaintiff so strenuously urges constituted extra work or deviations from the plan as originally proposed;

nor the discrepancies in the testimony of the defendant and his witnesses, pointed out by plaintiff's counsel, and which he forcibly urged on us, and from which he asked us to declare the defendant's testimony unworthy of belief. But the difficulty in the way of our so doing, is that the referee had all of these witnesses before him, and possessed better opportunities for judging of the credibility of the witnesses, and the weight to be attached to their testimony than we could possibly have.

We have no right to conclude that because the story of one witness appears to be more straightforward than another, on paper, it embodies the truth of the matter in dispute, as opposed to the statements of another witness, which is marked by inaccuracies, or even inconsistencies. No tribunal will or can arrive at the truth from such statements, except the one that hears and sees the witnesses (*Quincey* v. *Young*, 5 Daly 327; *Hogan* v. *Laimbeer*, 3 N. Y. Weekly Dig. 27; *Westerlo* v. *De Witt*, 36 N. Y. 340; *Fellows* v. *Northrup*, 39 N. Y. 119).

The plaintiff excepted to each of the referee's conclusions of law. But these inevitably followed from the facts found by him; and if he was right in his findings of fact, he made no error in his conclusions of law.

Plaintiff objected to the admission of the estimate made by O'Toole being received in evidence. We think this untenable. Before this paper was offered, it had been proved that the paper had been shown to Bernard Loonam, and was the starting point of the negotiations between the parties. It was therefore properly admitted.

After the witness Bernard Loonam had been twice on the stand, and fully examined and cross-examined by the parties, and after the defendant had rested, and the case was nearly closed, plaintiff's counsel again recalled him, and asked him:

"Q. What is the work, the job, as it is done, compared with the Jardine plan?"

This was objected to by the defendant, and overruled by the referee.

At that stage of the case we think it was within the discretion of the referee to allow plaintiff to re-open the case, which he would virtually have done by permitting the question; and under the circumstances disclosed by the case, we do not think he abused that discretion.

After the close of the whole case, and after two adjournments for the purpose of summing up, plaintiff moved to re-open the whole case, and for leave to call other witnesses.

This motion was denied, and an exception taken.

This, too, was a matter in the discretion of the referee; and as the evidence sought to be introduced cannot be said to be. newly discovered evidence, of which plaintiff was ignorant at the time of closing the testimony, we do not think we should reverse the judgment on that account.

We have examined the other exceptions taken by plaintiff, but do not think any of them well taken.

The judgment must therefore be affirmed, with costs.

ALLEN, J., concurred.

Judgment affirmed, with costs.