McAdam, C. J.
The judgment entered by default on the 18th of August, 1886, was founded on the assumption that copies of the summons were served upon the defendants on Wednesday, the 11th day of August, 1886. If the service was, as matter of fact, made on that day, the judgment was regularly entered, and the motion made by the defendants to vacate it for irregularity, ought to have been denied. The defendants contend that the service was made on Thursday, the 12th day of August, and on affidavits proving this fact, they moved to vacate the judgment for irregularity, in this, that it could not have been legally entered until the expiration of six days thereafter, to wit: on the 39th day of August, 1886.
*268 The defendants’ papers also alleged, that within six days after service of the process, to wit: on August 18th, 1886, notice of appearance and demand for a complaint was duly served, and returned on the theory that the service was too late. No question of law was raised for the decision of the court below, and the determination of the motion depended upon disputed facts, for each party was, from his standpoint and proofs, correct in the position they respectively assumed. The court below ordered a reference for the information of the court, and the referee took evidence and reported the facts in favor of the defendant; thereby establishing, as matter of fact, the irregularity complained of. The court below confirmed the report and granted the defendants’ motion, and from this order the present appeal is taken. We are asked to review the findings of the referee and to reverse them as being against evidence.
In several cases the report of a referee as to facts, has been treated as so conclusive as to require the clearest possible proof of error to induce the general term to overrule it.
Thus, in Hoagland v. Wright (7 Bosw., 394), it was held that the report of a referee, like the verdict of a jury, in a case of conflicting evidence, is conclusive as to questions of fact. In Howell v. Biddlecom (62 Barb. 131), it was observed: “So much depends upon the appearance and conduct of a witness, that it is never safe to interfere with a finding on a question of fact, unless it is so flagrantly unjust as to show partiality, corruption, or incompetency on the part of the referee.”
In Scattergood v. Wood (14. Hun., 269), the report of a referee like the verdict of a jury, must be deemed conclusive as to the disputed questions of fact, even though the appellate court might arrive at a different conclusion from the evidence, if there is some evidence to support the finding. Later cases upon the subject are to the same purport. There was evidence before the referee, sufficient to authorize a finding either way on the disputed question of fact involved, and there is nothing in the printed case which demonstrates that the referee did not decide correctly. He saw the witnesses, their appearance and manner of testifying. He weighed the evidence with the circumstances and inherent probabilities, and no doubt decided the dispute conscientiously, according to the convictions forced upon his mind by the proofs offered.
The report was properly confirmed and the order made, followed as of course. We find no error. Order affirmed, with costs.
Nehrbas and Hyatt, J. J. concur.