66h 452
d64ad417

JOHN CRAIG, APPELLANT, v. MARIA CRAIG, ALIAS MARIA LINDEN, RESPONDENT.

*Referee — after signing his report and notifying the parties of his decision his power is exhausted — the report cannot be sent back to him to decide as to costs.*

An action to annul a marriage was tried before a referee, who, having found for the defendant, signed his report without making any decision as to costs, passed upon findings proposed by the plaintiff, and notified the attorneys of his decision, but the report was not delivered nor filed.

Upon motion the court, by order, sent the report back to the referee "for the purpose of hearing the argument of counsel and passing upon the question of costs."

Upon an appeal by the plaintiff from this order:

*Held,* that, as the referee had signed the report and given notice to the parties, his decision was "rendered" within the meaning of section 1023 of the Code of Civil Procedure.

That no clerical error, technical omission or inadvertence being shown, the power of the referee, as such, was exhausted.

Appeal by the plaintiff John Craig from an order of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 21st day of April, 1892, directing that the report of Herbert B. Turner, Esq., as referee, be recommitted to him "for the purpose of hearing the argument of counsel and passing upon the question of costs."

*A. J. Skinner,* for the appellant.

*Edward S. Peck,* for the respondent.

Barrett, J.:

This case differs from *Fairman* v. *Brush* (15 N. Y. Supp., 44) and *Schultheis* v. *McInerny* (13 id., 684), in the fact that here the referee has decided the question sought to be reconsidered, and the object of recommitting the report is to induce him to change his decision.

In *Fairman* v. *Brush* we held, following *Schultheis* v. *McInerny,* that the court had power to require a referee to make his findings sufficiently definite to raise the question presented upon the appeal. But this was all we decided. We did not question the well-settled rule that a referee had no power to alter his report after he has signed and delivered it. The real question here is, whether the referee had such power after signing his report and notifying the parties thereof, but before delivering or filing it.

We think not. In *Ayrault* v. *Sackett* (17 How. Pr., 509) it was held that "signing the report, together with notice of the fact to the party entitled to it, are the definitive acts which close his (the referee's) judicial authority in the case; or, rather, they are the acts which preclude his opening the case for further evidence or consideration." The court there added that "the controlling circumstance

is, that the case remains in his (the referee's) hands until the report is made and signed and the parties, or the one entitled to the report, is duly notified of it." This case was followed in *Kissam* v. *Hamilton* (20 How., 376), where the court held that "the case is not decided until the report is signed; until then they (the referees) may open it for further evidence, reconsider and change their conclusions." The same rule was laid down in *Quackenbush* v. *Johnson* (55 How., 96) and in *Waters* v. *Shepherd* (14 Hun, 223). In *Quackenbush* v. *Johnson* it was held that, after the referee has made and signed his report, and notified the party entitled to it, his duty as a referee is ended. "He had no power thereafter," said NOXON, J., "to amend or alter his report." In *Waters* v. *Shepherd* the report was made and the parties notified of its terms. Upon this the court observed: "It was a completed thing and beyond the power of the referee to withhold or change it after the service of the notice." The question as to when the case is actually decided should not be confused with questions relating to the termination of the reference for failure to deliver or file the report within sixty days after the cause is finally submitted. It is now settled that, to prevent the termination of a reference by notice under section 1019 of the Code of Civil Procedure, the report must be actually delivered to the attorney of one of the parties, or filed with the clerk within the limited period. (*Little* v. *Lynch*, 99 N. Y., 112.) But this has nothing to do with the question as to when the judicial function ceases. That occurs when the referee has actually decided the case, signed the report embodying such decision and notified the parties thereof.

It is thus that the decision is "rendered," within the meaning of section 1023 of the Code of Civil Procedure. If the "decision" is not "rendered" until the report is actually taken up (that is, delivered,) or filed, what becomes of the provision contained in section 1023, that findings must be submitted before the decision or report is rendered? It surely was not the intention to permit such findings to be submitted after the referee has announced his judgment. We think the decision is rendered when such judgment (embodied in a report duly signed) is announced. Certain consequences flow from the failure to deliver or file the report, but neglect in that respect does not, while it continues, keep the judicial function in abeyance.

In the present case there was no clerical error, technical omission or inadvertence. The defendant's counsel, in his brief submitted to the referee, asked for costs, yet the report concludes that the complaint should be dismissed, without costs. When the defendant's attorney observed this he paused, as he was about to take up the report, and expressed a desire to be heard on the question of costs. The referee then certified that he desired to hear counsel upon that subject, and to make such change or modification with regard to costs as might seem proper to him after hearing argument. He did not act inadvertently, however, for the defendant's attorney tells us that the decision disallowing costs was because the referee " did not think the question one of practical importance." It appears, also, that the referee furnished the plaintiff's attorney with a copy of the report, unsigned, and returned the plaintiff's proposed findings, passed upon as required by law. Upon these facts the case is brought fully within the principle of *First National Bank of West Troy* v. *Levy* (41 Hun, 462), where an order was reversed which remitted a report to enable the referee to supply an inadvertent omission to award costs. While it is not necessary for us to go to this extreme length, we think it entirely clear that, where the judicial function has once been fully exercised, the referee should not be reinvested with such function for the purpose of more deliberately reconsidering questions already passed upon and decided.

The order appealed from should, therefore, be reversed, with ten dollars costs and the usual disbursements, and the motion to recommit denied.

Van Brunt, P. J., and O'Brien, J., concurred.

Order reversed, with ten dollars costs and the usual disbursements, and the motion to recommit denied.