(13 Misc. Rep. 94.)

### DECKER v. O'BRIEN et al.

(Common Pleas of New York City and County, General Term.  June 3, 1895.)

REFERENCE—REOPENING CASE.
> Under Code Civ. Proc. § 723, authorizing the courts, at any stage of an action, in furtherance of justice, to correct mistakes, and section 1018, providing that the powers of a referee are to be exercised in like manner and upon like terms as similar powers are exercised by a court, a referee may reopen a case tried before him and allow a party to introduce further evidence.

Appeal from special term.

Action by Paul G. Decker against John E. O'Brien and others to foreclose a mechanic's lien. From an order denying a motion to vacate an order of the referee reopening the case, and allowing plaintiff to produce further evidence, defendant O'Brien appeals. Affirmed.

Argued before DALY, C. J., and BOOKSTAVER and BISCHOFF, JJ.

Matthew Daly, for appellant.
Jerolomon & Arrowsmith, for respondent.

BOOKSTAVER, J.  Appeal from an order made at special term denying a motion to vacate an order of the referee reopening the case, and allowing the plaintiff to produce further evidence, etc.  The action was brought to foreclose a mechanic's lien, and was duly referred to a referee to hear and determine.  The case was finally submitted on the 5th of December, 1893.  On the 29th of that month the referee rendered an opinion, but neither filed nor delivered his report.  Thereafter the plaintiff's attorney served a written notice on the defendants' attorney, returnable on the 1st of February, 1894, before the referee, to reopen the case, at which time the defendants' attorney objected that, under section 1018 of the Code of Civil Procedure, he had no right to entertain the motion.  At that time the referee stated that he had not signed or delivered his report, and therefore believed he still had jurisdiction, and granted the motion. The appellant thereupon obtained from the special term of this court an order to show cause why the order of the referee reopening the case should not be vacated.  After argument the motion was denied, and from that order this appeal is taken.

Section 1018 of the Code of Civil Procedure provides that the powers of a referee under that section are to be exercised in like manner, and upon like terms, as similar powers are exercised by a court upon a trial without a jury.  Section 723 of the Code of Civil Procedure provides that the court may upon the trial, or at any stage of the action, before or after judgment, in furtherance of justice, correct a mistake in any other respect by conforming the pleadings or other proceedings to the facts proved. If a judge, during the progress of a trial, makes a mistake in either fact or law, he may correct such mistake at any time before final judgment.  If a wrong amount is stated, and the jury, in render-

ing a verdict, fall into the same error, they may be sent back to reconsider their verdict; and a judge before whom a case is tried, before he signs a final judgment or decree, may correct his findings of fact and law to conform to the evidence. And we see no reason why such power should not be exercised by a referee, under like circumstances. It is within a referee's discretion to reopen a case after it is closed, but before signing the findings of fact, or to refuse to do so. Loonam v. Myers, 13 Daly, 535; Pearson v. Fiske, 2 Hilt. 146; Trimble v. Stilwell, 4 E. D. Smith, 512; Williams v. Hayes, 20 N. Y. 58; Litch v. Brotherson, 25 How. Prac. 407; Schuyler v. Smith, 51 N. Y. 309. It is true that the decisions cited were made under the old Code, but we think the provisions of the new Code as broad as the old. In Kissam v. Hamilton, 20 How. Prac. 369, the court says: "The case is not decided until the report is signed. Until then they [referees] may open it for further evidence, reconsider and change their conclusions." To the same effect is Ayrault v. Sackett, 17 How. Prac. 507, which was cited with approval in Craig v. Craig, (Sup.) 21 N. Y. Supp. 241.

In the case under consideration the referee had neither signed his report, nor delivered the same. The referee so expressly stated. The appellant contends, however, that the opinion was in reality his report; but it was not, at the time of signing it, so considered by either party. Perhaps the best test to apply in a case like this is whether a judge, in case this action had been tried before one, would have had the power to correct the mistakes which the referee made in this case before he had signed the final judgment. To this there could be but one answer. We therefore think the order appealed from was proper, and should be affirmed, with costs. All concur.