STANLEY, guardian, *vs.* McWHORTER.*

78   37
124   628

The dormant judgment acts are not merely statutes of limitations, and as against junior judgment creditors, dormancy was not prevented by an entry on an execution in these words: "December 1st, 1881. Paid on the within execution five dollars; balance due and unpaid;" signed by the defendants.

(a) The case of *Darsey vs. Mumpford*, 58 *Ga.* 120, differs from this, being between the parties to the execution themselves.

January 25, 1887.

Judgments. Statute of Limitations. Before Judge Lawson. Greene Superior Court. March Term, 1886.

Reported in the decision.

---

*JACKSON, C. J., did not preside in this case, on account of providential cause.

COLUMBUS HEARD, by H. E. W. PALMER, for plaintiff in error.

H. T. & H. G. LEWIS, for defendant.

HALL, Justice.

This was a rule to distribute money between various contesting judgment creditors. The execution controlled by McWhorter represented the oldest lien, but the other creditors insisted that it was dormant, unless it was kept in life by this entry on the *fi. fa.*, viz: "December 1st, 1881. Paid on the within execution five dollars; balance due and unpaid;" signed by the defendants. Upon the idea that the dormant judgment act was a statute of limitations, and that this entry would be sufficient to prevent the bar of that statute, the superior court held that it took this judgment out of the operation of that act; and this makes the question we are to decide.

Were the statute in relation to dormant judgments nothing more than the statute of limitations, this conclusion would be correct. But we are of opinion that the dormant judgment acts were passed with a different view and for a different purpose. In their origin, they were statutes for the prevention of frauds, and were designed to protect the rights of vigilant creditors and *bona fide* purchasers for value without actual notice of the judgment. This is apparent both from the title and the preamble of the original act passed on the 19th of December, 1822, which is entitled " An act to prevent a fraudulent enforcement of dormant judgments." Dawson's Compilation, 209. The preamble declares that such judgments are collusively kept open, or are made the instruments of fraud on innocent purchasers, and often operate oppressively on vigilant and *bona fide* creditors, and therefore it enacted a remedy against these evils. On the 22d of December, 1823 (*Id.* 214), this act was amended by repealing one of its sections, but this

change did not at all interfere with or alter the purpose for which it was originally passed.

As late as the year 1851, this court, in *Smith et al. vs. Dickson et al.*, 9 *Ga.* 400, *et seq.*, in an ably considered and well-argued opinion, delivered by Nisbet, J., declared this to be the unquestioned policy of the legislature in passing these laws; and it held, upon an affidavit of illegality filed by the defendant in execution, that the judgment was dormant and could not be enforced. Up to the year 1856, there was no legislation which, even by implication, countenanced the idea of the dormant judgment act being a statute of limitations. Subsequent to that time, however, in *Darsey vs. Mumpford*, 58 *Ga.* 120, it was held that, as between the parties themselves, an agreement, entered on the execution and signed by them, that it should be paid at stated periods, was such a recognition of the validity of the execution as would prevent its becoming dormant. This case, however, does not go so far as to hold that the dormancy of the judgment would be prevented by such an entry, as against junior judgment creditors in a contest for the fund arising from the sale of the defendant's property between them.

In view of subsequent legislation, this latter judgment, to the extent to which it goes, may be maintained, and in that way it may be reconciled with what was ruled in *Smith vs. Dickson.* We think there was error in awarding this fund to the execution on which this entry was made. As to the junior judgment creditors, it was dormant.

Judgment reversed.