## In re ROSE'S ESTATE.*

### No. 12,408; December 29, 1888.

#### 20 Pac. 712.

**Appeal—Time for Taking.**—Under Code of Civil Procedure of California, section 939, providing that an exception to the decision or verdict because not supported by the evidence cannot be reviewed unless the appeal is taken within sixty days after the rendition of the judgment, an appeal from a decree settling an administrator's account, taken within the statutory time after the entry of the decree, but not within sixty days after the decision and the filing of the findings, is not in time to present the question of the insufficiency of the evidence.

APPEAL from Superior Court, Tulare County; W. W. Cross, Judge.

Wal. J. Tuska and W. W. Foote for appellant; Stetson & Houghton for respondent.

PER CURIAM.—This is an appeal by an administrator from a decree settling his account. When the account was rendered, written grounds of contest were filed; and after trial, at which witnesses were examined, the judge of the superior court made findings and a decree whereby it was adjudged that the account presented was not correct, and that the administrator owed the estate more money than the balance of his account showed. The appeal was taken within sixty days after the entry of the decree, but not within sixty days after the announcement of the decision and the filing of the findings. There was no motion for a new trial.

The respondent contends that the question as to the sufficiency of the evidence to sustain the decision cannot be considered; and we think this position must be sustained. It is not necessary to decide whether a motion for a new trial would have been a proper remedy. Section 939 of the Code of Civil Procedure provides that "an exception to the decision or verdict on the ground that it is not supported by the evidence cannot be reviewed on an appeal from the judgment unless the appeal is taken within sixty days after the rendition of

*For opinion in bank, see 80 Cal. 166, 22 Pac. 86.

the judgment.'' If the appeal be not taken within sixty days from the rendition of the judgment, the question as to the insufficiency of the evidence cannot be considered: Clark v. Gridley, 49 Cal. 105; Handley v. Figg, 58 Cal. 578; Bettis v. Townsend, 61 Cal. 333; Mogk v. Peterson, 75 Cal. 496, 17 Pac. 447. The words ''rendition of the judgment'' do not mean the same thing as ''entry of the judgment.'' They mean either the announcement from the bench entered in the minutes, or the filing of the findings, if there are findings, or both. But it is not necessary to decide what is the precise meaning of the term here; for in this case both things occurred more than sixty days before the appeal was taken. It may seem a strange result that, in order to present the question of the insufficiency of the evidence, the appeal must be taken within sixty days from an event which may occur long before the judgment is entered. But the statute is explicit to that effect; and it may very well be that the legislature recognized the fact that a long period may happen to elapse between the rendition and the entry of the judgment, and considered it undesirable that questions as to the insufficiency of the evidence should be allowed to remain open so long. We think the provision referred to applies to decisions in probate matters like the one in this case, and hence that the evidence cannot be reviewed on this appeal.

The only questions which can be reviewed upon the appeal are as to the sufficiency of the findings to support the decree, and as to errors in law occurring at the trial. The findings seem to us to be sufficient, and we see no error in law.

The decree appealed from is affirmed.

McFARLAND, J.—I dissent. I do not think that the action of a court in settling an administrator's account was intended to be included in the provisions of section 939 about an appeal from ''a final judgment in an action or special proceeding.'' It is simply a probate order, and an appeal from it is specifically provided for in subdivision 3 of section 963. And, in my opinion, if an appeal be taken from such an order within the sixty days after the order has been entered, as provided in section 1715, the sufficiency of the evidence to sustain the decision may be considered.