*In re* NORMAN MARKUSON.

Opinion filed November 6th, 1895.

**Contempt—Judgment of Imprisonment—Effect of Suspending Sentence.**

> On June 29, 1895, petitioner was convicted of a criminal contempt of court, and judgment was entered of record against him in substance as follows: "That petitioner be imprisoned in the county jail of Barnes County for a period of ninety days, commencing with to-day at noon; that he pay a fine of $200, and if default be made in the payment of the fine he shall be imprisoned as many days as two dollars is contained in two hundred dollars,—or one hundred days." Immediately after said judgment was entered the court, of its own motion, made certain orders in the case, which were entered of record, to the effect: First, that in case an appeal was taken the time should commence to run from the date of the remittitur being filed in the District Court. Second, that the judgment be suspended 30 days, unconditionally, to facilitate an appeal to the Supreme Court. Third, the court ordered that the bail bond given to secure the petitioner's attendance from day to day during the trial in the District Court be and remain valid and binding upon the petitioner, and that petitioner was ordered to obey the further orders of the district Court, whether made by that court, or made to conform to orders of the Supreme Court. *Held*, that the time of said imprisonment began to run at noon on June 29, 1895, and that the several orders purporting to suspend or postpone the operation of the judgment were without authority of law, and null and void; that said orders did not operate as a stay or supersedeas, for reasons stated in the opinion of the court.

Original application by Norman Markuson for discharge from custody on writ of habeas corpus.

Granted.

*Crum & Hanson*, and *G. K. Andrus*, for petitioner.
*Herman Winterer*, State's Atty., for respondent.

WALLIN, C. J.  On June 29, 1895, petitioner, with others, was convicted of a contempt of court, in violating the terms of an injunctional order issued out of the District Court for the County of Barnes, under section 13 of the act of 1890, known as the "Prohibition Law."  At the close of the testimony, and after the court had announced that it would find the accused guilty of the contempt charged, and before judgment was pronounced, counsel for the defendants gave notice in open court that they would remove the cases to the Supreme Court for review, and requested

sufficient time in which a bill of exceptions could be settled and the record obtained from the official stenographer. There seems to have been no response whatever on the part of the court to this request of counsel. The record shows that the trial court, immediately after such request was made, proceeded to pronounce and enter of record a final judgment in the cases, and followed said final judgment with certain orders. The judgment and orders, as entered, are as follows: "The judgment of the court in each case is that the defendants shall be imprisoned in the county jail of Barnes County for a period of ninety days, commencing with to-day at noon, and each pay a fine of $200; and if default be made in the payment of the fine he shall be imprisoned for as many days as two dollars is contained in two hundred dollars, or one hundred days. It is further ordered that in case an appeal be taken that the time shall commence to run from the date of the remittitur or judgment of the Supreme Court being filed in this court. It is further ordered that judgment in each of these several cases be suspended for a period of thirty days, for the purpose of allowing each of the several defendants to take an appeal to the Supreme Court, and that these sentences shall commence at the expiration of the said thirty days from date. It is further ordered that the bonds already given in these cases by the several defendants be and remain valid and binding upon the defendants. The defendants are each ordered to obey the further orders of this court in respect to said punishments and fines, and to obey the further judgment and all orders and judgments rendered by the Supreme Court in these several cases, which shall hereafter be made judgments in this court in pursuance of the judgments of the Supreme Court. And it was further stipulated in open court, by and between the above named defendants and the attorneys for the state, that the record should be made up in one case, and that the other three cases should abide the event of that one case." Petitioner sued out a writ of error, and his case was brought to this court for review. In this court no error was assigned upon the judgment entered in the

court below, nor was the attention of this court called in any manner to the terms of said judgment, or to the orders following the judgment. *State* v. *Markuson*, (N. D.) 64 N. W. 934. The conviction having been affirmed in this court, the remittitur was sent down and filed in the District Court of Barnes County on the 31st of October, 1895; whereupon the said District Court, on motion of the state's attorney, ordered and directed that the petitioner be imprisoned for 90 days from and after the date last stated, and that he pay the fine originally imposed, or in default of payment that he should be imprisoned as stated in the sentence entered of record on June 29th. Upon such order being entered of record a commitment thereon was issued out of the District Court, and delivered to the sheriff for service, and under said commitment the sheriff took said Markuson into custody, and now brings him before this court as a prisoner, pursuant to a writ of *habeas corpus* issued out of this court on November 2, 1895. Petitioner had never been imprisoned or taken into custody, pursuant to said judgment of June 29, 1895, at any time prior to said arrest under the warrant issued upon the order of court made October 31, 1895, as above stated. Upon such arrest the petitioner paid to the clerk of the District Court for Barnes County a portion of said fine of $200, but deducted therefrom $2 for each day which had elapsed after the expiration of 90 days from said June 29th. This deduction was made on the theory that the petitioner was constructively in jail for nonpayment of fines at all times after the original period of 90 days had run, and until he was taken into custody as above stated.

The question presented upon the sheriff's return in this proceeding is whether the petitioner can be imprisoned and punished in accordance with the original sentence, and the order made thereon by the District Court on October 31, 1895. Counsel for petitioner contends that the judgment rendered on June 29th has lapsed, and by its terms, and by the payment of a portion of the fine imposed, as hereinbefore explained, has ceased to be operative. A solution of the question presented makes it neces-

sary to consider the terms of the judgment entered on June 29th, and the orders immediately following the judgment. The language of the judgment is plain and unambiguous. All the elements of a proper judgment are set out with terse brevity, and the judgment by its own terms was to take effect at noon of the day upon which it was pronounced and entered of record, viz, at noon on June 29, 1895. The orders are also explicit in their terms. The obvious purpose of the orders was first to stay the operation or effect of the judgment; one order being an unconditional stay for thirty days, another being a stay to take effect conditionally. The latter provided "that in case an appeal be taken that the time shall commence to run from the date of the remittitur or judgment of the Supreme Court being filed in this court." Another of the orders related to the bonds, and has been quoted at length. The orders indicate that they were made with a view to facilitate a review of the cases in the Supreme Court, although at the time when they were made no bill of exceptions had been settled, and no writ of error had been applied for by counsel. It is perfectly clear that the order with respect to continuing the bail bonds "already given in these cases by the several defendant," which bonds, by the terms of the order, were to "remain valid and binding upon the defendants," could not operate to transmute such bail into a recognizance given after conviction, and after a writ of error had been issued. The obstacles in the way of putting such a construction upon the order are insurmountable. In the first place the order did not in terms refer to the sureties on such bonds, and did not on its face purport to bind such sureties; nor would a mere attendance bond, given to secure the attendance of the accused from day to day, pending the trial of the cases, operate as a bond given after judgment, to secure the discharge of the defendants after conviction. The obligation of a bond given after conviction would be radically different, and to be binding upon sureties it would have to be reframed, and signed or assented to by the sureties in open court. Nothing of this kind was attempted. Nor did the trial

court, after making the orders with respect to the bail bond, enter an order discharging the accused from custody, as would be proper under section 7608 of the Compiled Laws. If the accused had given a sufficient bail bond after conviction, they would be absolutely entitled to an order from the court taking the bond for their discharge from custody. Such a bond, in connection with an order discharging the prisoner from custody, would beyond a peradventure operate as a stay of execution, and would prevent the running of the time of imprisonment until the case should be sent back from the Supreme Court. The bond and the orders of the trial court, when taken together, would not operate as a stay bond after conviction, for another reason. The other purporting to continue the bail bond in force was made long prior to the application to this court for a writ of error. A convict is not entitled to his liberty on giving bail, until he first sues out a writ of error. Comp. Laws, § 7606. Finally, the order and bond construed together could not operate as a means of discharging the prisoners from custody, for the reason that when the order was made the persons were not in custody, but were out on bail. It is therefore transparently clear that the operation of the judgment was not stayed by the order which in terms refers to the bail bond given to secure attendance at the trial. We think the order was made without authority of law, and was without any binding force upon any one.

Reverting now to what occurred before the entry of said judgment, and after the court had stated that the defendants were found guilty, we remark that it appears from the record, and it is conceded to be true, that counsel then asked for delay or time within which to make up a record for the Supreme Court. We think this request was made at the proper time, in view of the provisions of section 21 of said chapter 110, which reads: "The court whose duty it shall be to render judgment in any action or proceeding growing out of a violation of the provisions of this act, shall immediately upon the conviction of the defendant render judgment; *provided*, that for prudential reasons and for the

ordinary purposes of perfecting an appeal judgment and sentence may be suspended for a period not exceeding thirty days, and then only upon the court or judge thereof entering in a public docket to be kept for the purpose, in his own hand writing, the cause of such suspension." The legislature in this class of cases has seen fit to require (subject only to the proviso stated in section 21) that judgments shall be rendered "immediately upon conviction." The case under consideration does not fall within the proviso. If the trial court had seen fit to facilitate a review of the case, the proper course would have been to withhold and not pronounce its judgment for a period of time not exceeding 30 days after the conviction. That course is plainly marked out by the terms of section 21, but as has been seen that course was not pursued. The judgment of the court was not held in abeyance after conviction. The judgment fell from the lips of the court and was recorded at once after conviction. By its express terms it took effect upon that day at noon. Nor do we think the orders made postponing the date upon which the judgment should take effect were of any validity. We know of no authority which will permit a trial court to postpone from time to time the date at which imprisonment shall go into effect after a valid judgment has been entered declaring that the imprisonment shall begin at a definite date, which is stated in the judgment. The time at which a sentence of imprisonment begins and ends is a matter of the greatest importance, and is so considered by all the authorities. See *Ex parte Roberts*, 9 Nev. 44; *In re Strickler*, (Kan.) 33 Pac. 620; *State* v. *Voss*, 80 Iowa, 467, 45 N. W. 898. Under section 21, *supra*, the judgment may be withheld for 30 days upon the terms stated in the statute, and to facilitate a review in the Supreme Court. But we find no authority anywhere under which the time of taking effect of a judgment of imprisonment as originally pronounced may, by orders of the trial court, be postponed from time to time for any purpose or under any circumstances. True, a stay or supersedeas may be had, as has been seen, but that is different from a mere order of

the trial court postponing the time at which a judgment shall take effect to another and different time from that stated in the judgment itself. The law has definitely fixed the terms upon which a stay of execution may be had after conviction in a criminal case. At common law no stay after conviction could be obtained, and under the statute there is but one mode prescribed. Comp. Laws, § 7606 *et seq.* It must follow that the several orders made and entered immediately after the entry of final judgment, and purporting to postpone the operation of the judgment to dates in the future, were made without authority of law, and hence were null and void from the beginning. While these orders were doubtless made with a view of keeping the accused out of jail, and for the purpose of staying the operation of the judgment, pending a contemplated review of the case in this court, they did not and could not have that operation in law, for the reasons already stated. Despite the terms of such orders, we are clearly of the opinion that the judgment entered of record on June 29th authorized the clerk of the District Court for Barnes County to issue a commitment based upon such judgment, and to deliver the same to the sheriff of that county, and that the sheriff would have been authorized under such commitment to keep the prisoners in jail until their term expired as fixed in the judgment of the court. True, the clerk cannot be censured for not issuing such commitment, for the reason that the orders of the court were spread upon the minutes, and being upon the minutes they operated as a practical barrier, despite the fact that they did not constitute a legal barrier, in the way of carrying out the terms of the sentence. We cannot gather from the record, or by the returns made by the sheriff in this proceeding, or by anything stated upon the argument here, that either the accused or their counsel are in any way responsible for the orders appended to the judgment. On the contrary it seems to be conceded that such orders, and all of them, were made by the court of its own volition, and none of said orders appear to have been requested by the defendants or their counsel. Nor can it be said that the

petitioner has ever escaped, since judgment was entered against him. There is no such claim. When the judgment against him was pronounced the petitioner was at liberty on bail, and he was never taken into custody under the sentence until arrested on October 31, 1895. As we have shown, the sentence has never been legally stayed, and therefore it began its operation when it was pronounced, and continued to be in full force from that day until it ceased to operate by its own terms. It is an unpleasant duty to enter an order discharging the petitioner from custody, in view of the fact that he was convicted by a competent court, and has not actually suffered the punishment indicated in the final judgment of that court. But our duty is plain, and we may not shrink from its performance.

The petitioner will be discharged. All the judges concurring. (64 N. W. Rep. 939.)