## FARMERS' STATE BANK V. BENJAMIN BALES.

### FILED JUNE 4, 1902. No. 11,949.

1. **Judgment of Justice: FILING TRANSCRIPT: EFFECT.** The filing of the transcript of a judgment of a justice of the peace or county court with, and the docketing of it by, the clerk of the district court, do not make it a judgment of the district court. *Moores v. Peycke*, 44 Nebr., 406.

2. ———: ———: ———: **DORMANT: TIME.** A judgment rendered by a justice of the peace, a transcript of which is duly filed and docketed in the office of the clerk of the district court, becomes dormant where no execution thereon is issued after five years from the date of its rendition, and the filing of a transcript of such judgment in the district court, will not have the effect of keeping it alive for five years from the date of such filing.

ERROR from the district court for Dixon county. Tried below before GRAVES, J. *Affirmed.*

*F. A. McMaster,* for plaintiff in error.

*John V. Pearson, contra.*

HOLCOMB, J.

From an order of the district court sustaining a motion to quash an execution and an order of garnishment issued on a judgment claimed to have become dormant, the judgment creditor prosecutes error. But one question is presented for consideration and argued in briefs of counsel, and that is whether a judgment rendered by a justice of the peace, a transcript of which has been filed in the office of the clerk of the district court, and properly entered on the records thereof, and on which no execution has been issued, becomes dormant after five years from the date of its rendition, or will the filing and docketing of the transcript of such judgment serve to keep it alive for five years from the date of such filing and docketing? Plaintiff in error contends for the latter proposition, while the defendant in error maintains the district court was right in hold-

ing to the former as the true rule. The execution quashed by the trial court was issued within five years from the date on which the judgment which had been rendered by a justice of the peace was transcripted and docketed in the office of the clerk of the district court, but more than five years had elapsed from the date of the rendition of the judgment by the justice of the peace. Section 1047 of the Code of Civil Procedure provides that execution for the enforcement of a judgment rendered by a justice of the peace, where it has not been docketed in the district court, may issue on the application of the party entitled thereto, at any time within five years from the date of the entry of the judgment or the date of the last execution issued thereon. By section 482 it is provided that, if execution is not sued out within five years from the date of any judgment rendered in any court of record, or if five years intervene between the date of the last execution issued thereon and the time of suing out another writ, the judgment shall become dormant, and cease to become a lien on the estate of the judgment debtor. Section 561 provides that, as to judgments rendered by a justice of the peace, the parties in whose favor they are rendered may file a transcript thereof in the office of the clerk of the district court, which shall be entered and docketed therein in the manner provided; and in the next section it is said such judgment shall be a lien on the real estate of the judgment debtor from the time mentioned with respect to the time of filing the transcript in the same manner and to the same extent as if the judgment had been rendered in the district court. It is urged by the plaintiff in error that by virtue of the language used in the last section we have referred to, the filing of the transcript, in the district court, of a judgment rendered by a justice of the peace, gives to such judgment, at the time of the filing of the transcript, all of the qualities as if it were a judgment then actually rendered by the district court, that is, to all intents and purposes the filing of a transcript of, and docketing such judgment makes it in effect, a judgment then

rendered in the district court,—and therefore it would
not become dormant until five years after the time of filing
the transcript, which would be regarded as the date of
its rendition in the district court. In our opinion, the
different provisions of the Code to which we have referred
do not render the section susceptible of the construction
contended for. The object of the provisions under con-
sideration with respect to judgments rendered by justices
of the peace, is to permit a judgment creditor to secure
and enforce a lien on the real property of the judgment
debtor as fully and effectively as could be done were the
judgment rendered in the district court in the first place.
It is a judgment rendered by a justice of the peace, not-
withstanding a transcript may be filed thereof in the dis-
trict court. The time when the judgment was rendered
is determined by that fact alone, not by the time of filing
a transcript thereof in the district court. The lien on real
property attaches by virtue of the filing of a transcript,
and the judgment may then be enforced in the same man-
ner as a judgment rendered in the district court. The life
of the judgment is the same in either case,—that is, it
continues to be alive, and execution may issue, for five
years from the date it was rendered; and "rendered"
means the time the judgment was in fact given and pro-
nounced. We have, we think, already decided this ques-
tion in harmony with the views entertained by the trial
court. *Moores v. Peycke,* 44 Nebr., 405. In the case cited
it is held: "The filing of the transcript of a judgment of
a justice of the peace or county court with, and the dock-
eting of it by, the clerk of the district court do not make
it a judgment of the district court." It is said in the
opinion, after referring to the section providing for the
filing of a transcript in the district court of a judgment
rendered by a justice of the peace (p. 412) : "It is plain
from these provisions that the filing and docketing of such
transcript does not transform the original judgment into
a judgment of the district court. The statute authorizes
such filing simply for the purpose of making the judgment

a lien upon the real estate of the debtor and for being enforced by the issuing of execution out of the district court,"— citing *People v. Doe,* 31 Cal., 220; *Martin v. Mayor,* 11 Abb. Pr. [N. Y.], 295. An authority more directly in point, and under statutes substantially the same as our own, is found in the case of *Brown v. Wuskoff,* 21 N. E. Rep. [Ind.], 243, where it is held that the filing of a transcript of a judgment rendered by a justice of the peace in the circuit court will not extend the life of the judgment. Says the court in the opinion: "The construction we place on the statute is that a judgment rendered before a justice shall be a lien from the time the transcript is filed, recorded, and docketed to the end of ten years from the rendition of the judgment. If we transpose the words of the statute to read 'from the time of filing the transcript the judgment set forth in the transcript shall be a lien upon the real property of the defendant within the county, to the same extent as judgments of the court,' it would hardly be contended, we think, that it could be construed to create a lien for ten years from the filing of the transcript; but when thus transposed, it seems plain that the word 'extent,' as applied to the duration of the lien, should relate to the time of the rendition of the judgment corresponding to the time when the limitation commences to run against judgments of the circuit court, and the words mean the same whether they are transposed or read as written in the statute. Indeed this is the only construction that can be placed on this section of the statute, and give force to the words." In *Wright v. Sweet,* 10 Nebr., 190, it is said (p. 192): "The statute (p. 606) provides that at the expiration of five years from the entry of judgment, if no execution has been issued thereon, or after the lapse of five years from the date of the last execution thereon, the judgment shall become dormant, etc. The lapse of five years raises the presumption of payment, not that the judgment never was entered, nor that it was erroneous or obtained by fraud, or of anything else but payment." See, also, *State v. McArthur,* 5 Kan., 280; and *Lindgren*

*v. Gates,* 26 Kan., 135.   If the filing of the transcript does
not have the effect of changing the nature of the judgment,
as we have held it has not, and no execution has been
issued, then the judgment must be regarded as dormant
after the lapse of five years from the date of its rendition;
the presumption then arising that it is satisfied.   The mere
filing of a transcript thereof in the district court can not,
we think, have the effect of enlarging the time, or in any
wise modifying the rule.   After that time, and until re-
vived, it has lost its vital force; it ceases to be a lien on
the property of the judgment debtor, and the right to en-
force satisfaction by process against his property has
terminated.   In some jurisdictions to which our attention
is called, the filing of a transcript of a judgment of a
justice of the peace in the higher court is held equivalent,
so far as the time in which the judgment will become dor-
mant is concerned, to the rendition of the judgment in
such higher court as of the time of filing the transcript;
but such holdings arise by virtue of express provisions of
statute dissimilar to ours, and for that reason the author-
ities cited are not applicable to the question raised in the
case now under consideration.

The order of the district court is without error, and is
accordingly

AFFIRMED.

NOTE.—*Dormant-Judgment Act.—Statute of Limitations.*—Dormant-
judgment acts are not mere statutes of limitations, and a judgment
will not be saved from dormancy by the mere fact that partial pay-
ments are made and receipted for within the limited time.   *Stanley
v. McWhorter,* 78 Ga., 37; *Lewis v. Smith,* 99 Ga., 603; *Blue v. Collins,*
109 Ga., 341.—REPORTER.