# THE STATE OF NORTH DAKOTA

v.

# JOSEPH WINBAUER.

(143 N. W. 387.)

**Criminal action — trial — place of — changed — jurisdiction — conviction — sentence.**

1. When the place of trial in a criminal action is changed to another judicial district, the court to which the action is removed for trial has jurisdiction and authority to hear, try, and determine the action, and, upon conviction, to impose punishment provided by law; and the trial shall be conducted the same in all respects as if the action had been commenced in said court. And on the trial of the action the judge of the district court to which the action has been transferred acts as the judge of said district, and not as the acting judge of the judicial district from which the action was transferred.

**Action — trial judge — order.**

2. *Held*, that as the trial judge was the judge of the fifth judicial district, and said action was in fact pending at said time in said judicial district, the order made by him was not in violation of § 6765, Rev. Codes of 1905.

**Jurisdiction — person — subject-matter — error — judgment.**

3. Jurisdiction being obtained over the person and over the subject-matter, no error or irregularity in its exercise can make the judgment void.

**Judgment — order — judicial district — outside — validity.**

4. *Held*, that as the trial judge had jurisdiction over the person of the defendant and the subject-matter of the action, a judgment rendered or ordered outside his judicial district, but within the state, is not void for want of jurisdiction.

Opinion filed September 30, 1913.

Appeal from the District Court of Barnes County, *Hon. J. A. Coffey,* Judge.

From an order vacating a judgment and sentence dated February 13, 1908, wherein the above-named defendant was sentenced to ninety days in jail and to pay a fine of $200.

Reversed and remanded.

*Andrew Miller,* Attorney General, *Alfred Zuger, C. L. Young,* and *F. C. Heffron,* Assistant Attorneys General, for appellant.

The judgment is regular upon its face, and the court had jurisdic-

tion of the person and subject-matter, and such judgment is valid. State v. Heiser, 20 N. D. 357, 127 N. W. 72.

The judgment cannot be attacked by matters outside the record. Exchange Bank v. Ault, 102 Ind. 322, 1 N. E. 562; Parsons v. Weis, 144 Cal. 410, 77 Pac. 1007.

A judgment which is merely voidable for errors or irregularities must be attacked by due and timely motion to vacate, or by appeal. Einstein v. Davidson, 35 Fla. 342, 17 So. 563; 2 Freeman, Judgm. § 1002.

In any event, mere irregularities in the judgment will be considered waived, if timely attack is not made. 23 Cyc. 909; Sargent v. Kindred, 5 N. D. 472, 67 N. W. 826; Wheeler v. Castor, 11 N. D. 347, 61 L.R.A. 746, 92 N. W. 381; Frazier v. McWhirter, 121 Ala. 308, 25 So. 804; Buchanan v. Thomason, 70 Ala. 401; Bland v. Bowie, 53 Ala. 152; Bruce v. Strickland, 47 Ala. 192; Johnson v. Johnson, 40 Ala. 247; Kohn v. Haas, 95 Ala. 478, 12 So. 577; Pettus v. McClannahan, 52 Ala. 55; Ex parte Morris, 44 Ala. 361.

Prompt action must be taken against a judgment regular on its face, and not disclosing want of jurisdiction. People ex rel. Schwartz v. Temple, 103 Cal. 447, 37 Pac. 414, 416; Bell v. Thompson, 19 Cal. 706.

The defect of want of jurisdiction must appear on the face of the record. Drake v. Brown Mfg. Co. 121 Ga. 550, 49 S. E. 590; Regopoulas v. State, 116 Ga. 596, 42 S. E. 1014; Jones v. Killebrew, 55 Ga. 153; Parker v. Belcher, 87 Ga. 110, 13 S. E. 314; Freeman, Judgm. §·61, p. 830; Ninde v. Clark, 62 Mich. 124, 4 Am. St. Rep. 829, 28 N. W. 765; Fugua v. Carriel, Minor (Ala.) 170, 12 Am. Dec. 46; Allen v. Bradford, 3 Ala. 281, 37 Am. Dec. 689; Glass v. Glass, 24 Ala. 468; Nabers v. Meredith, 67 Ala. 333; Stokes v. Shannon, 55 Miss. 583; 23 Cyc. 840, 842.

In this state, judgment in criminal cases may be pronounced at any subsequent term than the one at which the trial was had. Laws 1907, Chap. 88.

A judgment so appearing is not open to collateral attack. Black, Judgm. § 177; Le Grange v. Ward, 11 Ohio, 257; Smith v. State, 9 Humph. 10; Herndon v. Hawkins, 65 Mo. 265.

The pronouncing of judgment at Bismarck was not a destructive

jurisdictional defect, so as to render it void. Walter v. Merced Academy Asso. 126 Cal. 582, 59 Pac. 136.

*J. E. Campbell* and *A. T. Nelson,* for respondent.

The sentence and judgment in this case were pronounced at Bismarck, in the sixth judicial district, by Judge Burke, who was then the judge of the fifth judicial district.

Such sentence and judgment are void. Rev. Codes 1905, § 6765.

Judgment that defendant must pay a fine or costs, or either, must be docketed, etc., and becomes a lien upon defendant's real estate, etc., and the clerk must enter same upon the minutes of the court. Rev. Codes 1905, §§ 10105, 10106.

There can be no effective judgment, until it is entered in the judgment book. Re Weber, 4 N. D. 119, 28 L.R.A. 621, 59 N. W. 523; McTavish v. Great Northern R. Co. 8 N. D. 333, 79 N. W. 443.

The perfection of an appeal terminates the authority of the inferior court. The *ex parte* order of Judge Burke, made after appeal, is null and void. 2 Am. Dig. p. 2559, and cases cited.

KNEESHAW, Special Judge. The record discloses the fact that the defendant, Winbauer, was indicted by the grand jury of Morton county on the 3d day of December, 1907, for the crime of keeping and maintaining a common nuisance in a certain building on lot 11 in block 8 in the city of Mandan. To this indictment the defendant plead not guilty, and thereupon such proceedings were had that the case was transferred to Barnes county, in the fifth judicial district for trial.

On February 7, 1908, the case was brought on for trial in the disstrict court of Barnes county before Honorable E. T. Burke, presiding judge, and a jury. The state being represented by T. F. McCue, attorney general, and B. W. Shaw, the state's attorney of Morton county, and the defendant by L. A. Simpson, James M. Hanley, and A. T. Faber; and on the 8th day of February, 1908, the case was concluded and the jury brought in a verdict of guilty as charged in the indictment. On February 13, 1908, judgment and sentence was pronounced against the defendant by the court for a term of ninety days' imprisonment and a fine of $200. On February 11, 1909, or just two days less than a year after the pronouncing of sentence and rendition of the judgment against the defendant as aforesaid, the defendant appealed

to the supreme court from said judgment rendered in said cause on the 13th day of February, 1908, and from the whole of said judgment. Such appeal was accompanied by an undertaking, which was a supersedeas, and a certificate of probable cause granted by the trial judge on December 24, 1909, and after the notice of appeal to the supreme court had been served, and while said appeal was pending in the supreme court, the Honorable E. T. Burke, judge of the fifth judicial district made and filed in said action an *ex parte* order, which order was in words and figures as follows:

"Whereas, this court did on the 13th day of February, 1908, duly pronounce and render a judgment and sentence against defendant upon his conviction of the crime of keeping and maintaining a common nuisance, and therein and thereby sentence the defendant to be imprisoned in the county jail of Morton county, North Dakota, for the period of ninety days, and that he pay a fine of $200, making a total judgment of $200, which said judgment was and is in the words and figures of the copy hereto attached and made a part hereof.

"Whereas it appears to the court that such judgment and sentence of the court was, by inadvertence and oversight, not entered in the office of the clerk of this court, as required by law, at the time of its rendition, as aforesaid,

"Now, therefore, it is ordered by the court that the clerk enter such judgment by filing the copy thereof hereto attached, and by entering the same upon the minutes of this court as required in and by § 10106, and by docketing such judgment as required by § 10105 of the Revised Codes.

"And it is further ordered by the court that such judgment be entered as of the 13th day of February, 1908, the date on which the same was pronounced by the court, and that all acts in relation thereto be had and done as of said date.

"Dated this 24th day of December, 1909.

Edward T. Burke, Judge."

On March 9, 1910, on application of the defendant, the supreme court ordered that the defendant be granted leave to withdraw the said appeal, and the supreme court then ordered that the cause be remanded to the district court for further proceedings according to law. After the remittitur was filed in the lower court, the defendant applied to

the district court of Barnes county, on motion, for an order declaring and adjudging that the purported and pretended judgment rendered as of date February 13, 1908, be declared void from the very time of its attempted inception. The matter was brought on for hearing on motion, and based upon a notice of motion to vacate judgment, which notice of motion was supported by the affidavits of the defendant, Winbauer, and of J. E. Campbell.

Upon the hearing of the motion to vacate judgment, before Judge Coffey, at Valley City, the state was represented by Alfred Zuger, assistant attorney general of North Dakota, and the defendant by J. E. Campbell. After the hearing of said motion and the argument of counsel, Judge Coffey made his order dated November 10, 1911, adjudging that said judgment and sentence as of date February 13, 1908, was void from the very time of its inception, and that the same be set aside, vacated, and annulled, and declared absolutely void. And from such order vacating the judgment and sentence of February 13, 1908, the state of North Dakota appeals to this court.

The record in this case is regular and valid on its face. It is, however, contended by the affidavit of the defendant, used upon the motion to vacate the judgment, that he was convicted on the 7th day of February, 1908, in the district court of Barnes county, and on the 8th day of February, 1908, that the term of court at which defendant was convicted was adjourned without the defendant being sentenced, and that the court announced that at Bismarck, on the 13th day of February, 1908, it would pass sentence on the defendant, and that on the 13th day of February, 1908, in the house of representatives chamber of the state capitol, the judge of said court, and in absence of court officials, sentenced the defendant to ninety days in jail, and to pay a fine of $200. The affidavit of the defendant has not been controverted or denied, and, therefore, for the purposes of this appeal this court will assume that judgment and sentence on the conviction of the defendant was pronounced at Bismarck, in the sixth judicial district, on the 13th day of February, 1908, by E. T. Burke, judge of the fifth judicial district.

The attack on this judgment by motion is a direct, and not a collateral, attack. Therefore, the only question involved is, Was the judgment and sentence pronounced at Bismarck in the sixth judicial dis-

trict, on the 13th day of February, 1908, void? If absolutely void, then the order appealed from must be affirmed; otherwise reversed. When the place of trial in a criminal action is changed to another judicial district, the court to which the action is removed for trial has full jurisdiction and authority to hear, try, and determine the action, and upon conviction to impose the punishment provided by law, and the trial shall be conducted the same in all respects as if the action had been commenced in said court; and on the trial of the action the judge of the district to which the action has been transferred acts as the judge of said district, and not as the acting judge of the judicial district from which the action was transferred, or at the written request of said judge.

It is contended by the respondent that the judgment is void by reason of § 6765 of the 1905 Code, which provides that no judge of the district court shall hear or determine any action, special proceedings, motion, or application, or make any order or give any judgment in any action or proceedings not pending in the judicial district for which he is elected,—except in certain cases therein enumerated. As Judge Burke was the judge of the fifth judicial district, and said action was in fact and at that time pending in his judicial district, the action of the court was not in violation of said section. And § 6766, Rev. Codes of 1905, expressly provides that no order or judgment given by the judge of any district contrary to the limitations of the preceding section shall for that reason be void, but such order or judgment may be vacated upon application, within thirty days from the time the same shall have been made or given, to the judge of the district in which the action or proceeding in which the same was made or given is pending, and if appealable, by the supreme court on appeal.

Section 6764 of the 1905 Code provides that all orders made, judgments given, or other acts done, by any judge of the district court in any action, special proceedings or other matter, civil or criminal, shall be deemed and held to be the orders, judgments, and acts of the court; and the several judges of the district court shall have jurisdiction throughout the *state* to exercise all the powers conferred by law upon the district court or judges thereof, subject to the limitations of this article provided; and in such article we can find no limitation to the authority of the judge of the district court rendering or pronouncing

judgment outside his judicial district in an action properly pending in his judicial district, in cases in which he has jurisdiction over the person and subject-matter of the action. Jurisdiction being obtained over the person and over the subject-matter, no error or irregularity in its exercise can make the judgment void. See Freeman, Judgm. 4th ed. § 135, and cases cited.

The record in this case clearly discloses the fact that the defendant was duly convicted in the district court of Barnes county, in the fifth judicial district, of the crime of keeping and maintaining a common nuisance, and the further fact that Judge E. T. Burke was the duly elected, qualified, and acting judge of said judicial district. Therefore, on the 13th day of February, 1908, said judge had jurisdiction over the person of the defendant and the subject-matter of the action. 23 Cyc., page 678, says this with reference to the place of trial: "It is an irregularity, but not a destructive jurisdictional defect, to try a case and render judgment at a place other than that fixed by law for the holding of the court, or in a county other than that declared by statute to be the proper county for its trial, or to render judgment in a county other than that in which the venue was laid or other than that in which the trial was had." Citing several cases.

In the case of Gould v. Duluth & D. Elevator Co. 3 N. D. 96, 54 N. W. 316, it was held that a judge of the district court of the district in which the action is pending has authority by an *ex parte* order, made while outside of such district, and within the state, to direct the entry of a judgment in such action, and where an outside judge has been requested to act in the place of the judge of the district where the action is pending, under chap. 61, Laws of 1890, such outside judge is, with respect to such cases or matters as come within the request to act, empowered to do and perform all such acts as might have been done and performed by the judge of such district. Accordingly, held that the judge of the fifth judicial district, who had been duly requested to act, had authority to sign an *ex parte* order for judgment while within the fifth district, the action being pending in the third district.

Mr. Justice Wallin, in said case, further says: "We think the act of signing an *ex parte* order for judgment, if done within the state, but outside of the district where the action is pending, and the signing is done by the judge of the district court in which the action is pending,

26 N. D.—4.

is not an irregularity in practice." See also State ex rel. Bockmeier v. Ely, 16 N. D. 569, 14 L.R.A.(N.S.) 638, 113 N. W. 711; State ex rel. Erickson v. Burr, 16 N. D. 581, 113 N. W. 705; State v. Bednar, 18 N. D. 484, 121 N. W. 614, 20 Ann. Cas. 458.

The respondent has not cited any cases in support of his contention or that would throw any light upon the question, and after a thorough search we are unable to find any law or authorities holding the judgment and sentence in this case to be void. And it appearing to this court that the defendant was duly convicted in the district court of Barnes county on the 7th day of February, 1908, that Judge E. T. Burke was then the duly elected, qualified, and acting judge of said district, and that said district judge had jurisdiction over the person and subject-matter of the action, and that said district judge on the 13th day of February, 1908, duly pronounced judgment and sentence upon said defendant on said counts as aforesaid, and it appearing to this court that the said judgment was and is a valid judgment, and was not and is not void for want of jurisdiction, it is therefore ordered that the order of the district court for Barnes county, made and entered the 10th day of November, 1911, vacating and setting aside the judgment of the district court for Barnes county of February 15, 1908, is reversed. And the case is remanded to the District Court of Barnes County to enforce the judgment on conviction and to take further proceedings according to law.

BURKE, J., being disqualified, not participating. At the request of the court, Honorable W. J. Kneeshaw, judge of the seventh judicial district, sat with the court in the hearing of the case.