# IN THE MATTER OF THE APPLICATION FOR WRIT OF HABEAS CORPUS IN BEHALF OF PETER SCHANTZ.

### (144 N. W. 445.)

**Criminal action — appeal — within one year after rendition of judgment — computation of time — from rendition of judgment — not from entry.**

1. Under § 10139, Rev. Codes 1905, an appeal in a criminal case must be taken within one year after the rendition of the judgment, and an appeal which is not taken within such time, but within one year after the entry thereof, is too late.

**Rendition of original judgment — act of pronouncing sentence — does not involve entry of judgment.**

2. The rendition of a criminal judgment, as the term is used in § 10139, Rev. Codes 1905, is the judicial act of a court in pronouncing the sentence of the law upon the facts in controversy, and ascertained by the pleadings and the verdict, and does not involve the entry of the judgment upon the record.

---

Note.—As to what entry or record is necessary to complete judgment, see note in 28 L.R.A. 621.

**Judgment — rendition — certificate of probable cause — appeal — notice of — bail — release from imprisonment — time not computed as part of term.**

3. One who, after the rendition of a judgment in a criminal case, obtains a certificate of probable cause, and furnishes bail on an appeal from said judgment to the supreme court, and serves his notice of appeal, obtains a temporary release from imprisonment by legal means, and the time that he is thus at large will not be computed as a part of his term of imprisonment. He will also be considered to be at large under such appeal and supersedeas bond until he delivers himself up to the proper officers for incarceration, even though he may have dismissed his appeal before such time.

**Sentence — suspension of — by illegal act of court — defendant — voluntary act.**

4. The case of Re Markuson, 5 N. D. 180, 64 N. W. 939, distinguished, and *held* to apply only to cases in which the sentence has been suspended by an illegal and unauthorized act on the part of the court, and not to cases where it has been suspended by the voluntary and legal act of the defendant himself.

Opinion filed December 15, 1913.

Original writ of habeas corpus.
Writ quashed.

Statement by BRUCE, J. This is an original petition for the issuance of a writ of habeas corpus, and for an order discharging the petitioner from the custody of the sheriff of Morton county, by whom he alleges that he is illegally detained. The defendant was duly indicted by the grand jury of Morton county on the 3d day of December, 1907. A change of venue was taken to Barnes county, North Dakota. The Hon. E. T. Burke, Judge of the fifth judicial district, presided at the trial. The defendant was convicted by a jury on or about February 5, 1908, two other verdicts of guilty as against Joseph Winbauer and Alex Froelich for the same offense (a violation of the liquor laws) being returned at the same time. After the return of the verdicts, and before the sentences of the court were announced, an adjournment was taken, and thereafter in Bismarck, in Burleigh county, on or about the 13th day of February, 1908, sentences were orally pronounced by the court, and the three parties mentioned were sentenced to be confined in the Morton county jail for a period of ninety days, and to pay a fine of $200, and in default of said fine to be confined in said jail for one ad-

ditional day. On the same day that these oral sentences were pronounced, each of said defendants gave a supersedeas bond on an appeal to the supreme court, and on the same day obtained from the presiding judge certificates of probable cause. Notices of these appeals, however, were not served until one year after, namely February 11, 1909. After still another year, that is to say, on the 19th day of March, 1910, a motion was made by the state to dismiss the appeals, and counter-motions being made by the defendants for leave to withdraw the same, these motions were granted, and on the same day remittiturs were sent down by the supreme court to the district court of Barnes county, wherein and whereby said causes were remanded to such district court for further proceedings according to law. By the terms of the supersedeas bonds each of the defendants had, as in other cases, held himself amenable to the process of the court. Neither of the defendants, however, has at any time complied with the conditions of his bond, nor presented himself to the court for imprisonment or for its further action. On the 31st day of October, 1913, and after an interim of over three years, orders for commitments on sentences with certified copies of the judgments entered in said actions were issued to the sheriff of Morton county, and in pursuance thereof the defendants were arrested. On the 4th day of November they applied to the district court of Morton county for a writ of habeas corpus, and said writ being returnable before the Hon. W. L. Nuessle, who was called in for the purpose, and on hearing the writs were denied. The present proceeding is based upon the same facts as those which were presented to the Hon. W. L. Nuessle. On both hearings it was shown that, although sentence was orally pronounced on the defendants by Hon. E. T. Burke on the 13th day of February, 1908, and although said appeals were taken from such judgment, certificates issued and supersedeas bonds given, such judgments were not actually entered in Barnes county, North Dakota, or elsewhere, until December 24th, 1909, and even then that the orders were *nunc pro tunc* orders obtained without notice to or the presence of the defendants, and which orders expressly provided that such judgments should be entered as of the 13th day of February, 1908, the date on which the same were pronounced by the court, and further provided that "all acts in relation thereto be had and shown as of that date."

*John F. Sullivan* and *L. A. Simpson,* for petitioner. . .

Our statute on appeals in criminal cases provides that appeal must be taken within one year from the time of sentence of defendant. Rev. Codes 1905, § 9513.

The term of imprisonment begins on the date of sentence. Re Markuson, 5 N. D. 180, 64 N. W. 939; Tuttle v. Lang, 100 Me. 125, 60 Atl. 892; Re Webb, 89 Wis. 354, 27 L.R.A. 356, 46 Am. St. Rep. 846, 62 N. W. 177, 9 Am. Crim. Rep. 702; State v. Voss, 80 Iowa, 467, 8 L.R.A. 767, 45 N. W. 898; Weaver v. People, 33 Mich. 296, 1 Am. Crim. Rep. 552; Com. v. Foster, 122 Mass. 317, 23 Am. Rep. 326, 2 Am. Crim. Rep. 499; Ex parte Glendenning, 22 Okla. 108, 19 L.R.A. (N.S.) 1041, 132 Am. St. Rep. 628, 97 Pac. 650.

*H. R. Bitzing,* State's Attorney, *William Langer,* Assistant State's Attorney, and *Andrew Miller,* Attorney General, *Alfred Zuger* and *John Carmody,* Assistant Attorneys General, and *F. C. Hefron,* of counsel, attorneys for respondent.

Where the orders of a court staying judgment are illegal, and the defendant is released on account of such orders, the time of such release from imprisonment shall be regarded as part of the term of sentence. Re Markuson, 5 N. D. 180, 64 N. W. 939.

Even this case has been expressly overruled. It is too technical. State v. Sanders, 14 N. D. 203, 103 N. W. 419; Miller v. Evans, 115 Iowa, 101, 56 L.R.A. 101, 91 Am. St. Rep. 143, 88 N. W. 198.

A convict ought not to be allowed to profit by a delay occasioned by his own act, by mistakes of the courts, or by his assent or acquiescence. Re Webb, 89 Wis. 354, 27 L.R.A. 356, 46 Am. St. Rep. 846, 62 N. W. 177, 9 Am. Crim. Rep. 702; Miller v. Evans, 115 Iowa, 101, 56 L.R.A. 101, 91 Am. St. Rep. 143, 88 N. W. 198; State v. Cockerham, 24 N. C. (2 Ired. L.) 204; 19 Enc. Pl. & Pr. 480; Ex parte Bell, 56 Miss. 282; Dolan's Case, 101 Mass. 219; Hollon v. Hopkins, 21 Kan. 638.

Expiration of time without imprisonment is in no case an execution of the sentence. Dolan's Case, 101 Mass. 219; Sylvester v. State, 65 N. H. 195, 20 Atl. 954; McKay v. Woodruff, 77 Iowa, 413, 43 N. W. 429; Ex parte Vance, 90 Cal. 208, 13 L.R.A. 574, 27 Pac. 209; State ex rel. Cary v. Langum, 112 Minn. 121, 127 N. W. 465; State v. Abbott, 87 S. C. 466, 33 L.R.A.(N.S.) 112, 70 S. E. 6, Ann. Cas.

1912B, 1189; People v. Felker, 61 Mich. 110, 27 N. W. 869; Scott v. State, 26 Tex. 116; 3 Enc. Pl. & Pr. 914; Zinn v. District Ct. 17 N. D. 128, 114 N. W. 475; Zinn v. District Ct. 17 N. D. 135, 114 N. W. 472.

BRUCE, J. (after stating the facts). In the case of State v. Winbauer, ante, 43, 143 N. W. 387, this court held that the judgment rendered by the Hon. E. T. Burke at Bismarck on the 13th day of February, A. D., 1908, was a valid judgment. Section 9513 of the Rev. Codes of 1905 provides that "the term of imprisonment fixed by the judgment in a criminal action commences to run only *from the time of sentence of the defendant;* but if thereafter, during such term, the defendant escapes, or *by any legal means* is temporarily released, from such imprisonment, and subsequently returned thereto, the time during which he was at large *must not be computed* as part of such term." It is true that no judgment was ever actually entered in the records of the court in Barnes county until December 24, 1909. It is also true, however, that on the 13th day of February, 1908, and on the same day that sentence was orally pronounced by the court at Bismarck, the petitioner obtained a certificate of probable cause, and furnished bail in the sum of $500 on an appeal from said judgment to the supreme court, and thereafter, and within the time prescribed, duly served and filed his notice of appeal. This appeal was then an appeal taken by the defendant, and a valid appeal, and the defendant was thereby temporarily and by "legal means" released from imprisonment. A motion to dismiss the appeal on the ground that the judgment had not been entered of record in Barnes county, and that therefore there was no judgment to appeal from, would not have been sustained by this court. See State v. Winbauer, supra. Section 10139 of the Rev. Codes of 1905, which relates to appeals in *criminal cases,* provides that such an appeal may be taken not *within one year,* or "within one year *after the entry* thereof by default, or after *written notice of the entry thereof* in case the party against whom it is entered has appeared in the action," as is the case under § 7204 of the Rev. Codes of 1905, in civil actions; but "within one year after its *rendition.*" It seems to be generally held that the "rendition of a criminal judgment is the judicial act of a court in pronouncing the sentence of the law upon the facts in con-

troversy, and ascertained by the pleadings and the verdict," and does not involve the entry of the judgment upon the record, and that the time for appeal or the suing out of a writ of error begins to run from the time of such pronouncing, and not from the time of the filing. See 7 Words & Phrases, p. 6082; Fleet v. Youngs, 11 Wend. 522, 527, 528; Columbus Waterworks Co. v. Columbus, 46 Kan. 666, 26 Pac. 1046, 1049; Winstead v. Evans, — Tex. Civ. App. —, 33 S. W. 580; Burns v. Skelton, 29 Tex. Civ. App. 453, 68 S. W. 527; Ryals v. McArthur, 92 Ga. 378, 17 S. E. 350; State ex rel. Green v. Henderson, 164 Mo. 347, 86 Am. St. Rep. 618, 64 S. W. 138, 141; Schurtz v. Romer, 81 Cal. 244, 22 Pac. 657; Farmers' State Bank v. Bales, 64 Neb. 870, 90 N. W. 945; Craig v. Craig, 66 Hun, 452, 21 N. Y. Supp. 241, 242; Dieffenbach v. Roch, 112 N. Y. 621, 2 L.R.A. 829, 20 N. E. 560, 561; Re Rose, 3 Cal. Unrep. 50, 20 Pac. 712, 713; Re Cook, 77 Cal. 220, 1 L.R.A. 567, 11 Am. St. Rep. 267, 17 Pac. 923, 19 Pac. 431, 433; State ex rel. Brown v. Brown, 31 Wash. 397, 62 L.R.A. 974, 72 Pac. 86, 87; Winstead v. Evans, — Tex. Civ. App. —, 33 S. W. 580 (citing 1 Black, Judgm. § 106); Gray v. Palmer, 28 Cal. 416, 418; McLaughlin v. Doherty, 24 Cal. 519; Martin v. Pifer, 96 Ind. 245, 248; Vigo County v. Terre Haute, 147 Ind. 134, 46 N. E. 350, 351 (quoting Smith v. State, 71 Ind. 250; citing also Chamberlain v. Evansville, 77 Ind. 542, 548; and following Chissom v. Barbour, 100 Ind. 1; and Mayer v. Haggerty, 138 Ind. 628, 38 N. E. 42); Coe v. Erb, 59 Ohio St. 259, 69 Am. St. Rep. 764, 52 N. E. 640; State v. Biesman, 12 Mont. 11, 29 Pac. 534, 536; Harmon v. Comstock Horse & Cattle Co. 9 Mont. 243, 23 Pac. 470, 471. Contra, Ætna L. Ins. Co. v. Hesser, 77 Iowa, 381, 4 L.R.A. 122, 14 Am. St. Rep. 297, 42 N. W. 325, 328; Wood v. Etiwanda Water Co. 122 Cal. 152, 54 Pac. 726, 728.

In the case of Mayer v. Haggerty, 138 Ind. 628, 38 N. E. 42, the court, on the 4th day of February, 1890, made its special findings, in which it fully settled all the issues as to the rights of the parties. The entry of the findings was prepared for the clerk, but the latter, in entering the finding and judgment in the order book, made a mistake and omitted to enter the judgment directed by the court. On March 16th, 1892, and more than two years thereafter, Haggerty filed his motion for an entry of the judgment *nunc pro tunc* as of February 4th, 1890. This motion was granted and the entry made. An appeal

26 N. D.—25.

was prayed April 16th, 1892, more than two years after the rendition of the judgment, and was not perfected until January 14th, 1893. The court, among other things, said: "Appellee insists that the record presents the fact that the appeal was taken too late. The original finding and judgment were given on February 4, 1890. The appeal was prayed April 16, 1892, more than two years after the final judgment, and not perfected until January 14, 1893. The *nunc pro tunc* judgment relates back to the time when it was rendered. It is defined: 'Now for then; that a thing is done at one time as of another time when it should have been done.' 16 Am. & Eng. Enc. Law, 1005. 'The effect of this record was to enter judgment as of the former date, and when entered it stood as a judgment of that date, and had the same effect as if it had been properly entered of record and signed by the judge' on the 4th day of February, 1890. Leonard v. Broughton, 120 Ind. 536, at pages 544, 545, 16 Am. St. Rep. 347, 22 N. E. 731. The time within which an appeal must be taken begins to run from the date of the rendition of the judgment, and not from the date of its entry by the clerk in the order book. In this case the court rendered his judgment when he read and filed its finding on the 4th day of February 1890, and ordered judgment to follow the finding. Anderson v. Mitchell, 58 Ind. 592; Chamberlain v. Evansville, 77 Ind. 542, 548; Chissom v. Barbour, 100 Ind. 5; Gray v. Palmer, 28 Cal. 416; Peck v. Courtis, 31 Cal. 207; Genella v. Relyea, 32 Cal. 159; 1 Black, Judgm. §§ 130, 131. It is clear from these authorities that the appeal comes too late to bring before this court the proceedings prior to and in the trial on the merits." The appeal in the case at bar was a valid appeal. Under the decisions, and under § 9513, Rev. Codes 1905, it can hardly be controverted that when a defendant by his own act postpones the putting in effect of a sentence, he cannot take advantage there-of, and the case of Re Markuson, 5 N. D. 180, 64 N. W. 939, on which petitioner seems to chiefly rely, does not hold to any other rule. It is true that in that case the court held that the defendant's term had elapsed, and he could no longer be imprisoned. It was held, however, in that particular case, that the carrying out of the sentence had never been *legally postponed*. In that case, indeed, the postponement was not effected by the actions of the defendant, but by the illegal and unwarranted actions of the court. In the case at bar, on the other hand,

a certificate of probable cause was obtained by the defendant, an appeal prayed, and a supersedeas bond given.

Under defendant's bond, it was his duty to deliver himself up to the court for its action. Miller v. Evans, 115 Iowa, 101, 56 L.R.A. 101, 91 Am. St. Rep. 143, 88 N. W. 198; State v. Banks, 24 N. D. 21, 138 N. W. 973. He can hardly, also, be held ignorant of the *nunc pro tunc* order, as, after its entry, he himself prayed for a dismissal of his appeal. He must be charged with notice of the condition of the record at that time, and at that time the *nunc pro tunc* order of judgment was of record. In the case of Miller v. Evans, supra, the Iowa court, in passing upon a somewhat similar case, said: "But if petitioner's contention be accepted, the officers of the court may accomplish by delay that which the court itself is powerless to do. Aye, more; for, while the court could not postpone the penalty of the law denounced against the offender, its officers might by procrastination wholly obviate and prevent punishment. Re Webb, 89 Wis. 354, 27 L.R.A. 356, 46 Am. St. Rep. 846, 62 N. W. 177, 9 Am. Crim. Rep. 702, relied on by appellant, is not precisely like the case at bar in its facts, for there the prisoner was actually in custody, and when, at his request, the sentence was suspended, he was allowed his liberty. The order of suspense was adjudged to be in excess of the court's authority, and the term of imprisonment held to have begun *eo instante* upon the entry of judgment, and to have terminated at the end of the period fixed therein, although the prisoner had not been incarcerated an instant of that time. *A like conclusion was reached in* Re Markuson, 5 N. D. 180, 64 N. W. 939. In both cases, however, this conclusion seems to have been treated *as a necessary result of declaring the order suspending the sentence illegal.* We are unable to discover any reason for allowing the convict to thus profit by a delay to which he has assented, or in which he has acquiesced without objection. The time at which the sentence is to be carried out is ordinarily directory only, and forms no part of the judgment of the court. State v. Cockerham, 24 N. C. (2 Ired. L.) 204; 19 Enc. Pl. & Pr. 480; Ex parte Bell, 56 Miss. 282; Dolan's Case, 101 Mass. 219; Hollon v. Hopkins, 21 Kan. 638. In the last case it was said that 'the time fixed for executing a sentence, or for the commencement of its execution, is not one of its essential elements, and, strictly speaking, it is not a part of the sentence at all.

The essential portion of the sentence is the punishment, including the kind of punishment and the amount thereof, without reference to the time when it is to be inflicted.' It was also observed that 'the only way of satisfying a judgment judicially is by fulfilling its requirements;' and, in Dolan's Case, that 'expiration of time without imprisonment is in no case an execution of the sentence.' This cannot be waived, as here claimed, by the officers of the court whose duties with respect to its judgments are purely ministerial. The time for its execution was not of the essence of the judgment, *unless the prisoner, by demanding that it be immediately carried out, made it such. It was his duty to surrender himself and submit to the penalty of the law,* as well as that of the sheriff to inflict it; and, by taking advantage of the neglect of the latter and of the clerk, he cannot avoid the punishment which his wrong-doing will be assumed to have justly required."

We thoroughly agree with this interpretation of the case of Re Markuson, supra. The controlling fact in the case at bar, and which distinguishes it from the case of Re Markuson, is that the defendant himself suspended the execution of the sentence, while in the Markuson Case the sentence was suspended by an illegal and unauthorized act on the part of the court. In the case at bar, also, the defendant furnished a supersedeas bond, under the terms of which he was required to submit himself to the action of the court.

The writ is quashed.

BURKE, J., being disqualified, did not participate.